Freiría & Co., Lt'd, Plaintiffs and Appellants, *v.* R. Félix, Hermanos & Co., Defendants and Respondents.

Appeal from the District Court of Humacao in an action of debt.

No. 993.—Decided March 12, 1914.

Appeal—Setting Aside Judgment.—An order of a district court setting aside a judgment by default and the levy and sale at public auction of the property of the defendant to satisfy said judgment, may be appealed from to this court.

Summons—Setting Aside Judgment.—A summons issued in an action of debt wherein the defendant is notified that in case he should fail to appear and answer the complaint within the legal period "the plaintiff may have default entered against the defendant and judgment rendered according to law," is defective because such notification does not comply literally with the provisions of paragraph 4 of section 89 of the Code of Civil Procedure. The judgment rendered upon the basis of such summons may be set aside under the proceedings prescribed in section 140 of the Code of Civil Procedure.

Id.—Judgment—Summons—Setting Aside Judgment—Laches.—But when, as in the case at bar, judgment by default is rendered against the defendant after the defective summons has been served upon him personally together with a copy of the complaint and subsequently he is notified personally of the levy on his property for the satisfaction of said judgment and allows four years to elapse after the entry of judgment and nearly two years after he was notified of the levy under the execution without moving to set aside the judgment, such a motion is too late and cannot prosper.

The facts are stated in the opinion.

*Mr. Francisco González* for appellants.

*Mr. Manuel Tous Soto* for respondents.

Mr. Justice del Toro delivered the opinion of the court.

This is an appeal from an order of the District Court of Humacao setting aside a judgment by default.

It appears from the record that the mercantile firm of Freiría & Company, Limited, sued R. Félix, Hermanos & Company for $1,245.15; that the defendant firm was summoned on February 15, 1909, in Caguas, Judicial District of Humacao, through Ramón Félix Aponte, its sole manager; that the defendants did not answer the complaint and the plaintiffs moved that default be entered and judgment ren-

dered against them; that in fact default was entered and judgment rendered on March 3, 1909, against the defendant firm and in favor of the plaintiffs for the amount claimed in the complaint; that on May 27, 1909, a writ of execution issued; that on September 10, 1910, the Marshal of the District Court of Humacao, in compliance therewith, served the execution on defendant R. Félix and levied on certain properties belonging to him; that on June 28, 1912, the properties levied on were sold at public auction to the plaintiffs for the sum of $500 in part payment of their judgment; that matters being thus, the defendants entered their appearance in the action "only for the purpose of moving to quash the summons issued" on the ground that it did not contain the requisites prescribed by law; that after hearing both parties the court, in its decision of April 19, 1913, held the summons and all subsequent proceedings to be null and void; that notice of the said decision having been served on the attorney for the plaintiffs on May 12, 1913, they took the present appeal therefrom on May 13, 1913.

The first question which comes up for consideration in this case is whether the order of April 19, 1913, is or is not appealable. Jurisprudence is contradictory on this point because whilst, for example, in the case of *Reitmeir* v. *Siegmund,* 13 Wash., 624, it was held that an order setting aside a judgment by default and granting leave to answer, whether made on a motion in the original case or in response to a motion in a new case, was not appealable, in the case of *People's Ice Company* v. *Schlenker,* 50 Minn., 1; 52 N. W., 219, it was held that an order setting aside a judgment by default and granting the defendant leave to answer, was appealable.

In the case of *Hernaiz* v. *Vivas,* decided February 13, 1914, we considered this question at some length, and applying the principles therein laid down, we must hold that the order of April 19, 1913, is appealable.

We will now consider the appeal on its merits. The sum-

mons which was quashed by the decision appealed from reads as follows:

"DISTRICT COURT FOR THE JUDICIAL DISTRICT OF HUMACAO,
PORTO RICO.

UNITED STATES OF AMERICA, } *ss:*
THE PRESIDENT OF THE UNITED STATES, }

*Freiría & Company,*
                          Plaintiffs,
              v.                        } Summons.
*R. Félix, Hermanos & Co.,*
                          Defendants.

"THE PEOPLE OF PORTO RICO,

"To R. Félix, Hermanos & Company, the above-mentioned defendants:

"You are hereby notified that the complaint of the above-named plaintiffs has been filed in the office of the Secretary of the District Court for the Judicial District of Humacao, Porto Rico, praying that judgment be rendered in favor of the plaintiffs and against the defendant firm for the sum of $1,245.15 with interest thereon at the lawful rate from February 1, 1909, together with the costs of this suit, all according to the complaint signed by Salvador Fulladosa y Mir, of this district, as attorney for the plaintiffs.

"And you are further notified that in case of your failure to appear and answer the said complaint within ten days from the date of its service, if service be made within the district, and within twenty days, if service be made without the district but within the Island of Porto Rico, and within forty days, if made elsewhere, the plaintiffs may have default entered against the defendants and judgment rendered according to law.

"Given under my signature in Humacao, Porto Rico, this 5th day of February, 1909. Jesús L. Pereyó, Secretary. By Tomás Torres Grau, Assistant Secretary.

(Seal of the Court.)

"AFFIDAVIT.

"Miguel Muñoz López, being duly sworn, says: That he is a resident of Caguas over eighteen years of age and that he is not interested in this suit; that he received this summons on February

14, 1909, and that he served the same personally on Ramón Félix Aponte, sole manager of R. Félix, Hermanos & Company, the defendants mentioned in said summons, by delivering to the said defendant personally and leaving in his possession, in Caguas, a copy of the said summons together with a true and exact copy of the complaint in the action mentioned in the said summons. Caguas, February 17, 1909.   Miguel Muñoz López.

"No. 124.   Subscribed and sworn to before me by Miguel Muñoz López, of age, married, employé and resident of this city, whom I know personally. Caguas, February 17, 1909.   José Molina, Justice of the Peace.   (Two internal-revenue stamps, one for ten and the other for five cents, and a seal of the Justice of the Peace.)"

The motion to quash was based solely on the ground that according to subdivision 4 of section 89 of the Code of Civil Procedure the summons was null and void, because, as it was in an action for the recovery of money, it did not contain the notice that unless the defendants appeared within the time fixed by law, the plaintiffs would take judgment for the sum demanded in the complaint, stating the sum.

The decision appealed from was also based on the ground that the summons was void because it did not contain the said notice which is expressly required by law and that as its nullity appeared from the face of the judgment roll, a motion to that effect could be made and ruled on at any time.

The part of the Code of Civil Procedure applicable to the present case reads as follows:

"Section 89.—The summons must be directed to the defendant, signed by the secretary, and issued under the seal of the court and must contain:

*      *      *      *      *      *      *

"4. In an action arising on contract, for the recovery of money, or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it)."

*      *      *      *      *      *      *

It is sufficient to compare the summons with the law   to

see without any difficulty that the summons does not follow literally the provisions of the law. That the summons is defective is so clear that the question does not admit of any discussion.

Now, is the said defect of such a nature as to justify the conclusion that the court did not acquire jurisdiction over the defendant, and, if so, notwithstanding the lapse of more than four years since the judgment was rendered, can the judgment be set aside on a motion of the defendants? In our opinion, considering the attendant circumstances, such conclusions cannot be reached.

The real object of a summons is to notify the defendant that a certain action has been brought against him in a court of justice; that he must appear before the said court within the time fixed to defend his rights, and that unless he does so his default will be entered and judgment will be rendered against him in accordance with law. Cyc., p. 752, vol. 23, says:

"A default is an admission of every material and traversable allegation of the declaration or complaint necessary to plaintiff's cause of action, that defendant is the person named in the writ and intended to be sued, and that the court has acquired jurisdiction of his person and has jurisdiction of the cause of action."

In the present case the defendants were served with a copy of the complaint. They thereby became cognizant of all the allegations of the plaintiffs and were notified that the plaintiffs prayed that judgment be rendered against them for the sum of $1,245.15 with lawful interest and costs. Moreover, they were served with a copy of the summons expressly notifying them of the filing of the complaint "praying that judgment be rendered in favor of the plaintiffs and against the defendant firm for the sum of $1,245.15 * * *," and besides, that "in case of their failure to appear and answer the said complaint within * * * the plaintiffs may have

default entered against the defendants and judgment rendered according to law."

The essential object of the law was complied with, the district court acquired jurisdiction of the persons of the defendants and as it is an undisputed fact that it also had jurisdiction of the subject-matter, the judgment rendered in this case, however erroneous it may be, cannot be considered as absolutely void. In an opinion delivered by the Supreme Court of California in the case of *Grannis* v. *Superior Court,* reported in 79 Pac., 892, it was said:

"When the judgment was rendered the court had jurisdiction of the subject-matter in general and of the parties. The general rule is that, under such circumstances, a judgment, however erroneous, is not void." 146 Cal., 245, 247.

In support of the contention that the decision appealed from should be affirmed, the following decisions of this court have been cited: *Sabater* v. *Irizarry et al.,* 15 P. R. R., 526; *Vías* v. *Estate of Pérez et al.,* 15 P. R. R., 714. We have examined these decisions carefully and find that they are not so far-reaching as is contended by the respondents and as the district court considered them.

In the first of the said cases the defendants were summoned and notified that if they failed to answer, etc., the plaintiff might obtain "judgment according to the complaint." The defendants did not answer and entry of their default was asked for and granted. The defendants asked leave to file their answer. This was denied and judgment was rendered. The defendants appealed and this court expressed itself as follows: "We think that the action of the secretary, noting the default in this case, should be sustained; but that the case should be sent back to the trial court with instructions that the case proceed to trial to ascertain the amount of damages sustained by the plaintiff."

In the second case, *Vías* v. *Estate of Pérez et al.,* the defendants were summoned on April 23, 1908, with notice that

if they failed to answer, etc., "the plaintiff may obtain the judgment he prays for in his complaint." Among the defendants were some minors who were not summoned personally. On May 15, 1908, the default of all the defendants was entered and judgment was rendered. On the 18th of the same month of May the defendant moved to set aside the default, which the court denied. An appeal was taken from the decision to this court, which drew a distinction as to the various defendants, in view of the attendant circumstances, and *held:* As to the defendant minors, that the district court never acquired jurisdiction because they had not been summoned personally and that therefore the entry of their default was entirely void; and as to the defendants who were of age, it affirmed the entry of default but set aside the judgment rendered, because, if the case was considered to come under subdivision 1 of section 194 of the Code of Civil Procedure, the summons did not contain the notice that upon the failure of the defendant to answer judgment would be entered for the amount demanded in the complaint, stating the amount; and, if considered to come under subdivision 2 of said section, the secretary of the court alone could not enter the judgment.

It will be seen that in the first case cited the motion was made before the judgment was rendered and in the second, three days after, while in the case at bar more than four years were allowed to elapse after the entry of judgment. Section 140 of the Code of Civil Procedure was applicable to the first two cases, but is not applicable to the last. Hence the difference between these cases.

The jurisprudence of the courts is ample on this point. In the case of *Ward* v. *Ward,* 59 Cal., 139, the Supreme Court affirmed the order of the lower court setting aside a judgment by default because as it was a case for the recovery of damages only, the summons served on the defendant contained the notice that unless he answered "the plaintiff would apply to the court for the relief prayed for in the complaint."

The rule established appears applicable to this case. However, we do not know the exact facts nor does the report of the case give the date on which the motion to vacate the judgment was filed and that on which judgment was rendered.

We have studied carefully the cases of *People* v. *Temple,* 103 Cal., 448; *Eichoff* v. *Eichoff,* 107 Cal., 42, and *People* v. *Davis,* 143 Cal., 673, cited by the district judge in his ruling. In the first—that is, *People* v. *Temple*—the doctrine is laid down that

"A judgment which is void upon its face, and which requires only an inspection of the judgment roll to show its invalidity, will be set aside on motion by the court rendering it at any time after its entry; but if it is not void on its face, and its invalidity does not appear from the judgment roll, it cannot be set aside upon motion for want of jurisdiction over the person of the defendant unless the motion is made within a reasonable time after its entry  *  *  *  not exceeding the limit fixed by section 473 of the Code of Civil Procedure."

The above case related to a summons by publication.

In the second case—that is, *Eichoff* v. *Eichoff*—the theory is sustained that

"It is only by a direct attack by appeal from a judgment by default that there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant; but when an action is brought in a court of equity to set aside a judgment at law, the attack, although not collateral, is always indirect, and such an attack does not question the effect of the judgment as an adjudication, but seeks to be relieved from its operation upon equitable grounds."

And in the third—that is, *People* v. *Davis*—it is laid down that

"A judgment which is not void upon its face cannot be vacated on motion after the lapse of the time limited in section 473 of the Code of Civil Procedure; and an order purporting to vacate such judgment, on motion of a successor of the defendant, after the lapse

of one year, is without jurisdiction and void and may be set aside by the court of its own motion at any time, and the plaintiff cannot be prejudiced by his omission to appeal therefrom or by failure to move to set it aside within six months. The question of whether a judgment is or is not void upon its face is to be determined from an inspection of the judgment roll, under the statute in force at the time of the entry of the judgment.''

An inspection of the judgment roll in this case shows the defect mentioned—that is, that the summons is not in strict accordance with the law—but it does not show that the district court failed to acquire jurisdiction over the persons of the defendants. In point of fact, they were summoned personally and notified of the claim of the plaintiffs, of their obligation to appear before a certain court within a fixed time and of what would be the result of their failure to appear. This last admonition was not given in strict accordance with the law, but as the defendants did not move the district court to set aside the judgment within the term in which judgment was rendered or within the period of six months prescribed by section 140 of the Code of Civil Procedure, and although they were notified personally of the levy under the execution in September, 1910, they did not move to be relieved from the effects of the judgment within a reasonable time, it must be concluded that the motion of the defendants of April 15, 1913, was filed too late to prosper in a court of justice.

''Where a judgment is entirely void for want of jurisdiction the power to vacate it or set it aside is not limited to the term at which it was rendered, but may be exercised at a succeding term. And this applies as well to a want of jurisdiction of the subject-matter and to a lack of jurisdiction over the parties. But this rule cannot be extended so as to apply to mere errors and irregularities, and defects or irregularities in regard to the jurisdiction, such as make the judgment voidable at most, are not ground for vacating it after the term, especially where acquiesced in by the parties for a considerable length of time.'' 23 Cyc., 905, 906, and authorities cited.

''A party who has knowledge of the judgment against him is

required to exercise reasonable diligence in seeking to have it set aside, and his unexcused delay in making the application, amounting to laches, will justify the court in refusing the relief asked, especially where the vacating of the judgment would work unusual hardship to the opposing party, or where rights of innocent third persons have intervened.'' 23 Cyc., 909, 910, and cases cited.

In the case of *Bronson* v. *Schulter,* 104 U. S., 410, where the Supreme Court of the United States reversed a judgment rendered by the Circuit Court of the United States for the Southern District of New York wherein the said circuit court set aside a judgment which it had rendered seventeen years previously, the court, after a careful examination of the powers of courts of justice in cases of this character, said:

''It is also one of the principles of equity most frequently relied upon that the party seeking relief in a case like this must use due diligence in asserting his rights, and that negligence and laches in that regard are equally effectual bars to relief.''

Therefore, in view of all the attendant circumstances, we are of the opinion that the appeal should be sustained, that the order appealed from should be reversed and another order entered overruling the motion of the defendants.

*Order set aside and defendant's motion overruled.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.