ANNIE E. O'KEEFE *vs.* CHARLES W. LENFEST.

May 26, 1886.

**New Trial—Misconduct of Attorney—Surprise—Affidavit of Merits.—**
Where a defendant moves for a new trial on the ground of alleged misconduct of the plaintiff, and surprise on the part of defendant, consisting in the plaintiff's proceeding with the trial of the cause when called in its order on the calendar, instead of having it set for a day certain; and giving defendant notice of it, as plaintiff's attorney had agreed with defendant's attorney to do, an affidavit of merits on the part of defendant is necessary.

The plaintiff brought this action in the district court for Anoka county to recover for the conversion of personal property. The cause, being regularly on the calendar, was duly called for trial on the first day of the September term of court. The attorneys for the defendant not being in court, the attorney for the plaintiff requested that the case be set for trial on a subsequent day. The court declined to set the case, and directed that it either be tried or stricken from the calendar. Thereupon the plaintiff proceeded with the trial, and judgment was directed in her favor. Defendant thereafter moved for a new trial, upon the grounds, among others, of misconduct of the prevailing party, and of accident and surprise. This motion was based upon an affidavit by one of defendant's attorneys, setting forth that the defendant was not represented on the first day of the term because of a stipulation between counsel that the case should be set down for trial on a day certain and that the defendant's attorney should be notified. This stipulation was contained in the following letter from the attorney of the plaintiff: "Anoka, Minn., Aug. 13, 1885. O'Brien, Eller & O'Brien. Gents: I will have the case of O'Keefe *vs.* C. W. Lenfest set for trial and notify you when, so that it will not be necessary for you to come up until the day of the trial. Yours, etc. D. L. Bugbee." No affidavit of merits was presented on the motion. Defendant appeals from an order by *Young,* J., refusing a new trial.

*O'Brien & O'Brien,* for appellant.

*D. L. Bugbee,* for respondent.

GILFILLAN, C. J.   The evidence in this case is sufficient to sustain a finding that the goods for the conversion of which the action is brought were taken from the actual possession of the plaintiff.   So far as the motion for a new trial was based on the alleged misconduct of the plaintiff, and surprise on the part of defendant, the same consisting in plaintiff's proceeding with the trial when the cause was called in its order on the calendar, instead of having it set for a day certain, and giving defendant notice of it, as his attorney had agreed with defendant's attorney to do, it was properly denied, because there was no affidavit of merits.

Order affirmed.