# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

PEOPLE'S ICE Co. *vs.* AMELIA SCHLENKER.

Argued May 18, 1892.  Decided May 20, 1892.

**Appeals to this Court.**

>   An order vacating a judgment on default, and granting defendant leave to answer, is appealable as "an order involving the merits of the action."

**Default Opened—Affidavit of Merits Essential.**

>   In applications for such relief an affidavit of merits is essential, and it must be made by the party himself, or some one having personal knowledge of the facts.

Appeal by plaintiff, People's Ice Company, from an order of the Municipal Court of the City of St. Paul, *Twohy,* J., made September 30, 1891, vacating a judgment, and allowing defendant to answer.

The summons in this action was served September 2, 1891, upon the defendant, Amelia Schlenker, requiring her to answer in ten days, or judgment would be entered. The action was to recover $124.08 for ice sold and delivered. Immediately after the service of the summons, defendant employed an attorney to defend the action. The attorney neglected to examine the summons, and supposed the action was against her husband, who had no defense. Judgment was entered on default September 22, 1891, for the amount claimed. The attorney discovered his mistake September 26, 1891, and on that day obtained an order that plaintiff show cause why the judg-

ment should not be vacated and defendant allowed to answer. On return day, September 30, 1891, the court ordered the judgment set aside, and allowed the defendant to answer. From this order plaintiff appeals.

*O. H. O'Neill*, for appellant.

*H. V. Rutherford*, for respondent.

MITCHELL, J. 1. That an order vacating a judgment is appealable as "an order involving the merits of the action" is no longer an open question in this court. A final judgment determines the rights of the parties to the action, and any order which vacates or modifies it necessarily affects the legal rights of the party in whose favor it is, and hence "involves the merits of the action." *Holmes* v. *Campbell*, 13 Minn. 66, (Gil. 58;) *Chisago Co.* v. *St. Paul & Duluth R. Co.*, 27 Minn. 109, (6 N. W. Rep. 454.)

Our Reports abound in cases where the appealability of such an order has been recognized, and anything to the contrary in *Westervelt* v. *King*, 4 Minn. 320, (Gil. 236,) must be considered as long since overruled.

2. While conceding the trial courts a very large discretion in the matter of relieving parties from defaults, and recognizing the rule that this court will not interfere unless there has been a manifest abuse of that discretion, yet we are compelled to the conclusion that there was a clear abuse of discretion in vacating the judgment in this case.

The excuse for defendant's default was exceedingly lame. But the worst defect in the moving papers was an entire absence of any proper affidavit of merits, which is always essential in such applications. The only affidavit presented was made by the attorney wholly upon information obtained from the defendant, and without any suggestion of any reason or excuse why it was not made by the defendant herself. In swearing that his client had "fully stated the facts in the case" to him, he was swearing to a thing of which he had no personal knowledge.

An affidavit of merits should be made by the party, or at least by some one having personal knowledge of the facts. Of course, a

formal affidavit of merits is not necessary where the proposed answer shows merits, and is verified on personal knowledge. But in this case the answer, which, in effect, is nothing more than a general denial, is also verified by the attorney, who swears that it is true "to the best of his knowledge and belief," and no reason is given why it is not verified by the defendant herself, except that "she is absent from said court."

Courts are naturally and very properly inclined to relieve a party from a default if he furnishes any reasonable excuse for his neglect, and makes any fair showing of merits; but we could not affirm the action of the trial court in this case without disregarding well-settled rules on the subject, offering a premium on negligence, and even opening the door for the perpetration of fraud. *O'Keefe* v. *Lenfest,* 35 Minn. 237, (28 N. W. Rep. 260;) *Frankoviz* v. *Smith,* 35 Minn. 278, (28 N. W. Rep. 508.)

Order reversed.