PATSY MARIE BUTTS, A MINOR, BY HER MOTHER AND
NATURAL GUARDIAN, ETHEL MAE BUTTS, NOW ETHEL
MAE DARNELL, v. HARRY GEISLER AND ANOTHER,
COPARTNERS *d.b.a.* LILL & HARRY'S, AND OTHERS.
ACME FIREWORKS CORPORATION, APPELLANT.
ETHEL MAE BUTTS, NOW ETHEL MAE
DARNELL, v. SAME.[1]

May 7, 1954.

Nos. 36,207, 36,208.

*Murphy & Murphy,* for appellant.
*Spellacy & Spellacy,* for plaintiffs-respondents.

PER CURIAM.

Two actions are presented by these appeals. One action is brought
by plaintiff Patsy Marie Butts, a minor, appearing by her mother
and natural guardian, Ethel Mae Darnell, against defendant Acme
Fireworks Corporation and certain other named defendants to re-

---

[1]Reported in 64 N. W. (2d) 147.

cover for her personal injuries which were sustained when she was burned as she attempted to light a type of fireworks known as sparklers manufactured by defendant Acme Fireworks Corporation. The other action is brought against the same defendants by Ethel Mae Darnell to recover for medical expenses and for loss of her daughter's services resulting from the same accident. For our purposes, these actions can be considered as one.

Defendant Acme Fireworks Corporation, a foreign corporation, hereinafter referred to as defendant, moved pursuant to Rule 12.02 of the Rules of Civil Procedure for an order vacating and setting aside the service of summons and complaint upon it for lack of jurisdiction over the corporation and for insufficiency of service of process. It appeals from the order of the trial court denying its motion.

The trial court's order and the memorandum made a part thereof provide in part as follows:

"It is ordered that the motion by defendant Acme Fireworks Corporation for an order setting aside and vacating the service of the Summons and Complaint in the above entitled matter on defendant Acme Fireworks Corporation be and the same hereby is in all things denied."

"The question of determining whether or not defendant corporation in this case was 'doing business' in Minnesota at the time of the purported services involves a fact question that is not fully presented by the affidavit and deposition referred to, and the authorities require consideration of many factors in order to determine whether such foreign corporation was doing business to such an extent as to become amenable to suit in a case such as we have here. * * *

"As correctly stated in defendant's brief, 'each case must be considered on its own facts'. Not all the facts in the above mentioned authorities are those here involved, but from such authorities it is apparent that all facts concerning the nature and extent of defendant's business in this state should be considered in determining the issues here presented. The same may be said concerning the relation-

ship between defendant Ralph Kennedy and defendant Acme Fireworks Corporation.

"If the procedure followed in the recent Schilling case is adopted, all facts can be considered and a complete record secured prior to the determination of the important issues here raised. The jurisdictional questions can be preserved as they were in the Schilling case."

Reading the order and the memorandum as a whole, it is apparent that the trial court did not determine the jurisdictional questions on the merits. Rule 12.04 of the Rules of Civil Procedure provides as follows:

"The defenses and relief enumerated in Rules 12.02 and 12.03, whether made in a pleading or by motion, shall be heard and determined before trial on application of any party *unless the court orders that the hearing and determination thereof be deferred until the trial.*" (Italics supplied.)

Exercising the discretion granted it by Rule 12.04, the trial court, in effect, ordered that the determination of the jurisdictional questions be deferred until the trial. Viewed in context, the statement in the order that the motion is denied is no more than a denial of defendant's application for a determination of the motion prior to trial. Since the order is not a positive and unambiguous denial of defendant's motion on the merits with prejudice, our construction of the order does not run counter to the often-repeated rule that a trial court's memorandum may not be used to impeach, contradict, overturn, or modify a positive and unambiguous order even though the memorandum is made a part of the order.[2] It seems clear that an order deferring the determination of a motion until the trial is not "an order involving the merits of the action or some part thereof" (M. S. A. 605.09[3]) and, therefore, is not appealable.

At the oral argument, both parties indicated for the first time a desire to obtain a determination on the merits at this time based

---

[2]Bicanic v. J. C. Campbell Co. 220 Minn. 107, 19 N. W. (2d) 7, and cases there cited; 1 Dunnell, Dig. (3 ed.) § 338.

upon various affidavits, depositions, and exhibits, some of which were not before the trial court when it prepared its order. Although the parties have briefed and argued the case on the merits, as a court of review with limited jurisdiction we are not free to make the initial determination of these questions. However, the parties may resubmit the questions to the trial court and request a determination on the merits. If it is agreed that all of the facts are before the trial court, the trial court will no doubt promptly make such a determination. Then the aggrieved party may take an appeal to this court if he so desires. If such an appeal is taken, the parties may obtain the permission of this court to use the printed record and briefs filed herein together with a settled case and such additional typewritten briefs as the parties may desire to file. No further oral arguments will be required.

Appeals dismissed.