# FLORENCE C. SPEYER v. THE SAVOGRAN COMPANY AND ANOTHER.

124 N. W. (2d) 827.

November 22, 1963—No. 39,046.

*Meagher, Geer, Markham & Anderson, Roderick D. Blanchard,* and *O. C. Adamson II,* for appellant.

*Doherty, Rumble & Butler* and *Pierce Butler,* for respondent.

PER CURIAM.

Plaintiff, Florence C. Speyer, seeks to dismiss these proceedings on the ground the order here for review is not appealable.

This is a so-called "products liability" action brought against a foreign corporation under Minn. St. 303.13, subd. 1(3), enacted on April 20, 1957.[1] Defendant moved the lower court for an order dismissing the

---

[1]Minn. St. 303.13, subd. 1, provides as follows: "A foreign corporation shall be subject to service of process, as follows:

\* \* \* \* \*

"(3) If a foreign corporation \* \* \* commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be

action or quashing the service of the summons, asserting that the court lacked jurisdiction because the injury to plaintiff occurred in March 1957, before the statute was adopted. The motion was denied without a memorandum. From that order dated January 17, 1963, defendant appealed on February 14, 1963.

In support of her motion to dismiss the appeal, plaintiff relies on Butts v. Geisler, 242 Minn. 154, 64 N. W. (2d) 147. However, in that case, unlike this, the trial court expressly reserved its ruling on jurisdiction until the time of trial when the facts would be more fully developed, a practice expressly sanctioned by the rules.[2] It is plaintiff's contention that decisions rendered prior to the adoption of the Rules of Civil Procedure on January 1, 1952, have no present application because special appearances are no longer necessary to preserve jurisdictional questions since they may be raised and litigated by proper allegations in the pleadings.[3]

In a number of opinions rendered both before and after the adoption of the rules, we have reviewed orders similar to the one now before us. Where the question of appealability has been expressly raised, we have noted that such an order determines "positive legal rights, and compels [defendant] to take upon himself the burden of defending the action on the merits," rendering the order appealable as one going to the merits of the action within the meaning of § 605.09(3).[4] More recently we have heard a series of cases where the question of ap-

doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. * * *"

[2]Rule 12.04, Rules of Civil Procedure.

[3]Rule 12.02.

[4]This provision was repealed effective May 22, 1963, by L. 1963, c. 806, § 8.

Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 15, 89 N. W. 1124, 1125; Curran v. Nash, 224 Minn. 571, 573, 29 N. W. (2d) 436, 437, 174 A. L. R. 411; Dillon v. Gunderson, 235 Minn. 208, 210, 50 N. W. (2d) 275, 276; Bubar v. Dizdar, 240 Minn. 26, 28, 60 N. W. (2d) 77, 78.

pealability has not been raised.[5] Since it is axiomatic that in the absence of other authority appellate jurisdiction cannot be conferred by stipulation or by the failure to object,[6] there is implicit in those decisions a holding that such orders were properly here for review.

We conclude, therefore, that the order denying defendant's motion to quash the service of the summons or to dismiss the action was appealable, and plaintiff's motion to dismiss these proceedings is denied.

Motion denied.

---

[5]Atkins v. Jones & Laughlin Steel Corp. 258 Minn. 571, 573, 104 N. W. (2d) 888, 889; The Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 331, 107 N. W. (2d) 381, 382, certiorari denied, 366 U. S. 961, 81 S. Ct. 1921, 6 L. ed. (2d) 1253; Brooks v. International Brotherhood of Boilermakers, 262 Minn. 253, 254, 114 N. W. (2d) 647, 649; Fourth Northwestern Nat. Bank v. Hilson Industries, Inc. 264 Minn. 110, 117 N. W. (2d) 732; Danov v. ABC Freight Forwarding Corp. 266 Minn. 115, 117, 122 N. W. (2d) 776, 778; Ehlers v. U. S. Heating & Cooling Mfg. Corp. 267 Minn. 56, 124 N. W. (2d) 824.

[6]Village of Roseville v. Sunset Memorial Park Assn. Inc. 262 Minn. 108, 110, 113 N. W. (2d) 857, 858; Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 221, 114 N. W. (2d) 90, 91.