ARLISS J. HALL, FORMERLY KNOWN AS
ARLISS J. DEHN, v. COMMUNITY CREDIT COMPANY
AND ANOTHER.

178 N. W. (2d) 245.

May 29, 1970—No. 42066.

*Mackall, Crounse, Moore, Helmey & Holmes, Clay R. Moore,* and *Frank A. Dvorak,* for appellants.

*David K. Hackley,* for respondent.

ROGOSHESKE, JUSTICE.

Defendants appeal from an order of the district court denying the oral motion made at a pretrial conference to dismiss plaintiff's action on the ground that the relief prayed for by her complaint seeks to impose a penalty or forfeiture upon defendants and is barred by the applicable 2-year statute of limitations.

On November 15, 1967, plaintiff commenced this action against defendants, Art Goebel, Inc. (an automobile retailer) and Community Credit Company (a licensed industrial loan and thrift company), seeking the statutory relief, including damages and attorney's fees, authorized by the Motor Vehicle Retail In-

stallment Sales Act, Minn. St. 168.66 to 168.77, and c. 53, covering loans by industrial loan and thrift companies for illegal finance and usurious interest charges. Her complaint specifying seven "claims" for relief, although difficult to interpret, alleges in essence that she purchased an automobile from defendant Art Goebel, Inc., on October 11, 1962, upon an installment sales contract, which was assigned to defendant Community Credit Company; that Community Credit, on October 7, 1964, refinanced the final installment due on the sales contract, which was slightly in excess of $1,400, by a note and chattel mortgage; that the installment sales contract provided for illegal finance charges and the note provided for usurious interest; that she paid the full amount of the note 5 days after its execution on October 12, 1964; and that defendants fraudulently concealed her cause of action.

When the case was called for pretrial conference, defendants orally moved to dismiss on the asserted ground that the 2-year statutes of limitations, applicable to statutory actions for recovery of a penalty or a forfeiture and to an action for usury, barred her claims for relief against both defendants.[1] By written order, the court denied the motion. The order did not specify whether the denial was based upon a determination that the 6-year statute[2] applied, or that the 2-year statutes applied but were tolled on plaintiff's allegation that defendants fraudulently concealed her cause of action.

In attempting this appeal from a pretrial order, defendants, supported by plaintiff, urge that the order is appealable of right under Rule 103.03(d), Rules of Civil Appellate Procedure, as an "order involving the merits of the action or some part thereof," or that, if it is not so appealable, this court should exercise its discretionary power of review under Rule 105 to settle the question, claimed to be undecided by our prior decisions, of whether a 2- or 6-year statute of limitations applies to claims for relief

[1] Minn. St. 541.07(2) and 334.02
[2] Minn. St. 541.05.

based upon alleged violations of the Motor Vehicle Retail Installment Sales Act and alleged usurious interest charges by an industrial loan and thrift company.

We have repeatedly held that an order denying a motion to dismiss an action is not appealable. State, by Mondale, v. Ohman, 267 Minn. 138, 125 N. W. (2d) 419; Independent School Dist. No. 84 v. Rittmiller, 235 Minn. 556, 51 N. W. (2d) 664. Defendants' reliance upon Nelson v. Glenwood Hills Hospitals, Inc. 240 Minn. 505, 62 N. W. (2d) 73, and Speyer v. The Savogran Co. 267 Minn. 67, 124 N. W. (2d) 827, is misplaced. In the Nelson case, the appeal was from an order vacating an order of dismissal and reinstating the case. Such an order affects with finality defendant's legal right not to have the case revived [3] and is therefore appealable. In the Speyer case, the appeal was from an order denying a motion to quash the service of summons. Such an order is appealable since, if erroneous, the court has no jurisdiction to try the merits of the action and an unnecessary trial will be eliminated. Curran v. Nash, 224 Minn. 571, 29 N. W. (2d) 436.

Since the order in this case does not with finality determine the issue of which period of limitation applies, it is clearly not appealable of right. See, Empire Fire & Marine Ins. Co. v. Hill, 287 Minn. 58, 176 N. W. (2d) 757. The attempted appeal is predicated upon the assumption that the court based its denial of defendants' motion to dismiss upon a determination that the 6-year statute of limitations applies. Presumably this assumption was based on the fact that the action was not commenced within 2 years and that plaintiff's contention before the trial court was that the relief sought was "liquidated damages" and not the recovery of a penalty or forfeiture. The record, which consists only of the pleadings and the court's order, does not support this assumption. Such an assumption ignores plaintiff's allegation of fraudulent concealment, which would toll the bar of the 2-year

---

[3] See, Elsen v. State Farmers Mutual Ins. Co. 217 Minn. 564, 14 N. W. (2d) 859; Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 334.

period of limitations. Couillard v. Charles T. Miller Hospital, Inc. 253 Minn. 418, 92 N. W. (2d) 96; Schmucking v. Mayo, 183 Minn. 37, 235 N. W. 633. Moreover, because of this allegation of fraud, the primary issue of whether either Minn. St. 168.66 to 168.77 or c. 53 has been violated must be determined by the trial court before the secondary issues of fraud and the applicable period of limitations would be reached, since absent proof of the cause of action alleged, there can be no fraudulent concealment. Thus the order refusing to dismiss the action not only fails to squarely present the question the parties want us to decide—which period of limitation applies—but leaves it still pending and undetermined by the trial court.

It follows that our determination of the question would be an initial and not an appellate determination, would be advisory in nature, and would not significantly advance the final disposition of this case. We believe that an appellate decision of a doubtful and important question should not be undertaken where the legal and factual bases for the trial court's decision are as uncertain as this record reflects.

Appeal dismissed.