ROSE M. KOKESH AND OTHERS v. CITY OF HOPKINS.

238 N. W. 2d 882.

January 30, 1976—No. 45461.

*Mastor & Mattson* and *Walter M. Baker,* for appellants.

*Vesely, Otto, Miller & Keefe* and *Joseph C. Vesely,* for respondent.

Heard before Otis, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiffs appealed certain special assessments levied by defendant to the district court pursuant to Minn. St. 429.081.[1] Before a final determination of that appeal, plaintiffs moved the court to set aside the assessments summarily on the ground that defendant had not complied with the time requirements in Minn. St. 429.041, subd. 1, for giving notice of bids when it awarded the contracts for the improvements which resulted in assessment. The court entered an order denying the motion and plaintiffs have appealed from that order. We dismiss the appeal because that order is nonappealable.[2]

The order in question is an intermediate one. It has not prevented plaintiffs from proceeding to trial or presenting other objections to the assessments and obtaining a final order of the district court disposing of their entire appeal. In such a case, we will not allow encroachment upon our appellate jurisdiction by

---

[1] Minn. St. 429.081 provides in relevant part: " Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court * * *. The appeal shall be placed upon the calendar * * * *and shall be tried as other appeals in such cases. The court shall either affirm the assessment or set it aside and order a re-assessment as provided in section 429.071,* subdivision 2. * * * All objections to the assessment shall be deemed waived unless presented on such appeal." (Italics supplied.)

[2] For the reasons stated in this opinion, this case is also not deserving of discretionary review. Rule 105, Rules of Civil Appellate Procedure.

encouraging a separate appeal on each potentially dispositive issue the parties choose to raise.

Plaintiffs argue that their appeal is proper because it is taken from an order involving a part of the merits of their action within the meaning of Rule 103.03(d), Rules of Civil Appellate Procedure. That provision was not intended to permit routine appeals from denials of pretrial attempts by plaintiffs to get trial courts to resolve cases in their favor. While this court has not yet ruled on the specific order here presented, our holdings on analogous types of orders are instructive. We have held that denials of motions to dismiss,[3] to strike all or part of a pleading,[4] and for summary judgment [5] are generally nonappealable. The case most closely on point is In re Appeal of Williams, 263 Minn. 581, 116 N. W. 2d 589 (1962). The action below was an appeal from certain orders of a county superintendent of schools. Appellants' motion for summary judgment had been denied, and they appealed to this court. We held that the order appealed from was not final and dismissed the appeal without prejudice to the

---

[3] Hall v. Community Credit Co. 287 Minn. 241, 178 N. W. 2d 245 (1970); Town of Burnsville v. City of Bloomington, 262 Minn. 455, 115 N. W. 2d 923 (1962); Pillsbury v. Foley, 61 Minn. 434 (1895). The conspicuous exception is a denial of a motion to quash service or dismiss for lack of jurisdiction, which is appealable. Hunt v. Nevada State Bank, 285 Minn. 77, 172 N. W. 2d 292 (1969), certiorari denied sub nom. Burke v. Hunt, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. 2d 423 (1970); Speyer v. The Savogran Co. 267 Minn. 67, 124 N. W. 2d 827 (1963). In Hunt we stated that the exception is based on the peculiar nature of the order involved: "It is more realistic to view such an order not merely as a retention of an action for trial, but as a determination of right, for a defendant is compelled thereby to take up the burden of litigation in this state that might otherwise be avoided." 285 Minn. 89, 172 N. W. 2d 300.

[4] Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896 (1927); Wade v. Citizens State Bank of St. Paul, 158 Minn. 231, 197 N. W. 277 (1924); Lovering v. Webb Pub. Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911 (1909); Vermilye v. Vermilye, 32 Minn. 499, 18 N. W. 832, 21 N. W. 736 (1884).

[5] In re Appeal of Independent School Dist. No. 697, 293 Minn. 289, 198 N. W. 2d 526 (1972); In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. 2d 91 (1959).

rights of appellants to seek review of the issues involved after a final determination by the district court.

An appeal in this type of proceeding is best taken from the final order of the district court affecting a substantial right in a special proceeding in accordance with Rule 103.03(h), Rules of Civil Appellate Procedure. Since the district court's decision that bid notice was sufficient will not in any way hamper or prejudice proper consideration of other issues in plaintiffs' action, it is in the interest of judicial economy to dispose of all issues in a single appeal to this court following termination of the proceedings below. Cunningham, *Appealable Orders in Minnesota*, 37 Minn. L. Rev. 309, 323 (1953). [6]

Although plaintiffs maintain that our exercise of jurisdiction in this case would dispose of the action in their favor and save further efforts by all concerned, an examination of the merits of plaintiffs' argument belies their contention. Plaintiffs argue that bid notice was defective because publication of notice was not made "at least once in a newspaper or trade paper published in a city of the first class no less than three weeks before the last day for submission of bids" as required by Minn. St. 429.041, subd. 1. First publication was made on May 18 and May 25 for two different types of improvements, and the last days for submission of bids were June 8 and June 15 respectively. Under Minn. St. 645.15,[7] our time-computation statute, the day of first publication is excluded and the day of final submission included, and notice is sufficient for both types of improvements. We have very recently applied that statute in a similar time-

---

[6] See, Wessen v. Village of Deephaven, 284 Minn. 296, 170 N. W. 2d 126 (1969) (order finally dismissing § 429.081 appeal reviewed).

[7] Minn. St. 645.15 provides in part: "Where the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, such time, except as otherwise provided in sections 645.13 and 645.14, *shall be computed so as to exclude the first and include the last day of any such prescribed or fixed period* or duration of time." (Italics supplied.)

computation case. Township Board of Lake Valley v. Lewis, 305 Minn. 488, 234 N. W. 2d 815 (1975). We have previously indicated our intention to apply that statute uniformly to all questions of time computation unless the terms of a statute affirmatively specify another method of computation. Nelson v. Sandkamp, 227 Minn. 177, 181, 34 N. W. 2d 640, 643 (1948). Minn. St. 429.041 specifies no other method, and the bid notices are therefore sufficient.

Appeal dismissed.