In re the Marriage of Ann MOBERG,
Petitioner, Appellant,

v.

Allen W. MOBERG, Respondent.

No. C4–83–825.

Supreme Court of Minnesota.

April 20, 1984.

Mark E. LeMay, David Gronbeck, Minneapolis, for appellant.

Jack S. Jaycox, Roger J. Trudeau, Bloomington, for respondent.

YETKA, Justice.

This is an appeal from an order of the Hennepin County Family Court, vacating an order of a family court referee and the judgment entered thereon.

Appellant Ann Moberg and respondent Allen Moberg were divorced in 1978. The decree awarded appellant monthly support payments of $200 for each of the parties' two minor children. There was no award of maintenance, but the question was reserved for a future time upon a showing of a material change in the parties' financial position. In 1980 and 1981, appellant brought various motions for modification of the 1978 decree seeking, among other things, an increase in child support to $1,000 per month for each child and establishment of maintenance at $1,700 per month.

On May 15, 1981, a family court referee granted the requested relief. Respondent took no appeal from this order or the subsequent judgment, and he failed to comply with its provisions.

One year later, appellant moved to enforce the order. Respondent brought a cross-motion for a reduction in the support and maintenance amounts and for forgiveness of certain arrearages. On April 15, 1983, the Hennepin County Family Court denied the enforcement motion and vacated the referee's order, declaring it void in its entirety and from its inception. Ann Moberg appeals. We reverse the family court and remand the case with instructions to reinstate the referee's order.

We do not intend to recite the entire set of facts underlying this appeal, but some facts are necessary to understand the issues raised.

The district court file in this case is voluminous and complex, covering a multitude of post-dissolution matters. Most of the motions and orders in the file concern efforts by appellant to enforce or modify the terms of the dissolution decree against respondent, a plastic surgeon. Respondent has been very resistant to legal action. He has often delayed action or response until a contempt motion is made or order issued. He has spent time in jail for contempt and has had three different sets of attorneys in this matter. He is significantly in arrears in support payments and, up until April of 1983, did not pay support regularly despite judgments against him for arrearages.

The parties have incurred thousands of dollars in legal fees for post-dissolution litigation. There are currently two appeals pending on post-dissolution matters. One is this case; the other is respondent's appeal of a judgment against him for appellant's attorney fees and for court-appointed receiver's fees.

Respondent's conduct has been uncooperative and evasive throughout the post-dissolution matters. It is difficult to determine his income and earning potential, both because he resists compliance with discovery and because his answers can be confusing and equivocal. The record indicates that he owns or has owned several corporations dealing in medical services and aircraft. In one deposition, respondent indicated that he had earned $26,000 over a

3-month period in 1979 from a medical corporation in which he had a 50% interest. He stated that he actually received $5,000 of this as salary. Appellant earns approximately $1,000 per month as a secretary and has custody of the parties' two teen-age children.

Appellant filed the motion for modification of support and maintenance on January 8, 1980, and she served the motion on respondent the following day. The motion was scheduled for hearing 1 week later before a family court referee. This hearing was never held because respondent successfully moved to refer the proceedings to the district court judge who granted the original decree. Appellant then filed other motions on various property matters.

All of appellant's outstanding motions came on for hearing in January of 1981. In February, the judge issued his order ruling on property and arrearages issues and referring the motions for an increase in child support and establishment of maintenance to the Family Court Division.

A March 23, 1981, hearing date was set before a family court referee. Respondent failed to attend because his counsel had not given him notice of the hearing. It was rescheduled to April 29, 1981, before a different referee. Respondent's counsel notified his client of this hearing date by letter dated on or about April 9, 1981. On or about April 27, 1981, respondent was personally served with an order to show cause, accompanying certain contempt motions scheduled for hearing on April 29.

Appellant personally appeared at the April 29 hearing and was represented by counsel; respondent failed to appear personally, but did appear through his counsel. The matters before the referee included a motion to recover child support arrearages; a motion to require respondent to maintain life insurance and pay attorney fees; the January 1980 motion to increase child support and to establish maintenance; two contempt motions; and a motion to require respondent to pay the parties' debt to Northwestern National Bank of Minneapolis.

The referee found proper service of all motions before him, even though service of the order to show cause on the contempt motions was not made until 2 days before the hearing. During the hearing, appellant's counsel withdrew the contempt motions and the referee did not rule on them.

The referee's order found respondent in arrears in child support for the 3 months since the district court order. The referee also found that respondent had failed to maintain insurance coverage as required by the original decree, that he had failed to pay attorney fees as required by the March 23, 1981 order, that appellant's earnings had decreased since the original judgment and decree, that respondent had the capacity to earn $8,800 per month as a physician and surgeon, and that appellant lacked sufficient property to provide for her reasonable needs and was unable to support herself adequately in employment which she is qualified to perform. The referee's order stated that these findings were based on the evidence and arguments presented at the hearing and on the files and records before the court. The file included appellant's affidavits regarding her monthly expenses and respondent's 1979 deposition, and interrogatory answers in which he indicated that he had earned approximately $26,000 over a 3-month period.

The referee granted appellant's requested increase in child support and establishment of maintenance and ruled in appellant's favor on all other motions as well.

At the close of the hearing, the referee instructed appellant's counsel to prepare a draft order for submission to and review by respondent's counsel. After receiving the draft order, respondent's counsel made his objections by letter. He objected to the amount of attorney fees, the proposed award of child support until age 22, and the proposed award of indefinite maintenance. There was no objection to the amount of maintenance, the increase in child support, or the amount of that increase. The last line of the letter stated: "Other than that I have no objection and await the Court's Order."

Respondent did not move to have the referee's recommended findings ·reviewed within the applicable 10-day period pursuant to Minn.Stat. § 484.65, subd. 9 (1982). He did not appeal the referee's order or the subsequent judgment. He did make a motion for adjustment of attorney fees, and they were adjusted accordingly.

Respondent apparently ignored the referee's order. In April of 1982, appellant brought an action to recover accumulating arrearages and otherwise to enforce the order. Respondent moved for forgiveness of arrearages and reduction of amounts payable. The matter came on for hearing before a family court judge on March 9, 1983.

The court declared the referee's order "null and void from its inception" and vacated that order and judgment "in its entirety." This action was based on three grounds: (1) improper service of the order to show cause on the contempt motions; (2) lack of testimony and other evidence supporting the increase in support and establishment of maintenance; and (3) the referee's failure to continue the hearing on support and maintenance to a later date, thereby depriving respondent of due process of law.

The court ordered child support payments to remain at $200 per month per child; judgment for accrued support arrears to be stayed upon monthly payments of $200 for arrearages; and a continuance of hearing on the remaining motions, including the modification of support and maintenance. Appellant appeals this action.

The issues raised by this appeal are:
1. Whether the order vacating the prior judgment is appealable;
2. Whether the vacation of the prior judgment was proper; and
3. Whether respondent waived his right to object to the lack of testimony before the referee.

■ 1. Respondent argues that the order vacating the referee's judgment is not final and thus not appealable because it continued matters for a later hearing. This argument is without merit.

■ It is well established in Minnesota that an order vacating an appealable judgment is appealable itself. In the early case of *People's Ice Co. v. Schlenker*, 50 Minn. 1, 52 N.W. 219 (1892), Justice Mitchell stated as follows:

> That an order vacating a judgment is appealable as "an order involving the merits of the action" is no longer an open question in this court. A final judgment determines the rights of the parties to the action, and any order which vacates or modifies it necessarily affects the legal rights of the party in whose favor it is, and hence "involves the merits of the action."

*Id.* at 2, 52 N.W. at 219. *See also Morehart v. Furley*, 152 Minn. 388, 188 N.W. 1001 (1922), *Ayer v. Chicago, M., St. P. & P.R.R. Co.*, 189 Minn. 90, 248 N.W. 749 (1933), 1B Dunnell Minnesota Digest 2d *Appeal and Error* § 2.17(a) (3d Ed.1982).

■ The fact that the second order continued certain matters for hearing did not render that order non-appealable. Appellant appeals from the final part of the order—that which vacates the prior appealable judgment. A party may appeal from part of an order, and only the appealable portion will be presented for review. *Morey v. School Board of Indep. School Dist. No. 492*, 268 Minn. 110, 128 N.W.2d 302 (1964), *Salo v. Duluth & I.R. R.R. Co.*, 124 Minn. 361, 145 N.W. 114 (1914), 1B Dunnell Minnesota Digest, *Appeal and Error*, §§ 2.13(f), 2.16(e) (3d Ed.1982). Therefore, this appeal is properly before us.

2. We next consider whether vacation of the referee's judgment was proper. As stated above, vacation was based on untimely service of the order to show cause, lack of evidence supporting the support and maintenance modification, and failure to continue the hearing on support and maintenance. We conclude that vacation of the judgment on these grounds was improper.

*Untimely Service of the Order to Show Cause*

■ The court below concluded that service of the order to show cause was un-

timely and that respondent's attorney appeared specially before the referee to object to service and notice. On this basis, the court vacated the referee's order, apparently on the theory that untimely service rendered the referee without personal jurisdiction over the respondent. We believe this action was improper.

We agree that service of the order to show cause on the contempt motions only 2 days before the hearing was untimely. However, appellant withdrew the contempt motions, and the referee never ruled on them. Thus, the issue of untimely service was moot and provided no basis for vacating the prior judgment.

Furthermore, the record does not support the conclusion that respondent's attorney appeared specially to object to service and notice on the contempt motions. Several other motions were properly before the referee. Counsel never stated that he was making a special appearance. He did not object when the other motions were raised and ruled upon. Proper service of these other motions was proved at the hearing. Respondent's claim that he was not aware of these other motions is unbelievable. His attorney informed him of the hearing date on outstanding motions 2 weeks before the order to show cause on the contempt motions was even served. The file contains affidavits of service on all motions before the referee. The affidavit of service on the modification motion is dated over a year before the hearing. Thus, we cannot accept the family court's conclusion that respondent's counsel appeared specially to object to service.

*Lack of Evidence Supporting the Modification*

■ The family court's second ground for vacating the referee's judgment was that the modification was not supported by the evidence. We hold that the court could not review the merits of the modification and therefore could not vacate the referee's judgment on that basis.

Respondent never moved for amended findings on the referee's order. He never appealed the judgment. When given an opportunity to review the proposed order, respondent's attorney did not object to the award of increased support and maintenance or to the amounts. Instead of objecting through proper legal channels, respondent chose simply to ignore the judgment. The first time he objected to the modification award was when appellant sought its enforcement. Respondent was not entitled to have the merits of that judgment collaterally reviewed at appellant's enforcement action.

*Failure to Continue Hearing on Support and Modification*

■ The family court judge's final basis for vacating the referee's order was that the referee deprived respondent of due process by failing to continue hearing on support and maintenance until June 5, 1981. The conclusion that there was a hearing scheduled for June 5 is based entirely on oblique references in the transcript to discussions between respondent's counsel and the referee. There is nothing in the district court file ordering a June 5 hearing on support and maintenance. The impression left by the transcript and the file is that respondent's counsel and the referee may have had an off-the-record discussion regarding a continuance of support and maintenance matters to June 5.

We conclude that the failure to postpone ruling on support and maintenance until June 5 did not deprive respondent of due process of law. Respondent had notice of the modification motion as early as January 9, 1980. It was originally scheduled for hearing on January 16, 1980, but was rescheduled before a district court judge at respondent's own request. The district court judge's order of February 20, 1981, referred the support and maintenance motions to family court. Respondent's attorney notified him of the hearing before the family court referee 3 weeks before the hearing date. In light of the above notice, we do not understand how a failure to continue support and maintenance issues for a hearing on June 5, 1981 deprived respondent of due process of law.

■ 3. The final issue raised is respondent's argument that a modification may

not be awarded in the absence of testimony by the parties. We hold that respondent has waived his right to object to the absence of testimony.

Respondent did not appear to testify at the hearing before the referee and his attorney did not take the testimony of appellant, who was present at the hearing. There was no objection to the lack of testimony or evidence during the hearing. Respondent never sought review of the findings, and he never moved for amended findings. He never appealed. Furthermore, respondent's attorney expressly waived objections to the modification in the letter to the referee following counsel's review of the proposed order.

The order of the family court vacating the referee's order is reversed. The case is remanded to the family court with instructions to reinstate the referee's order and for such further action as may be appropriate following such reinstatement.