**NFD, INC., Respondent,**

v.

**STRATFORD LEASING COMPANY, Defendant and Third–Party Plaintiff, Petitioner,**

**UNITED LEASING, INC., Defendant and Third–Party Plaintiff,**

v.

**BALBOA HOLDING COMPANY, Third–Party Defendant.**

No. C9–88–1469.

Court of Appeals of Minnesota.

Aug. 23, 1988.

Steven Opheim, Dudley & Smith, St. Paul, for NFD, Inc., respondent.

Denise Reilly, Lindquist & Vennum, Minneapolis, for Stratford Leasing Co., defendant and third-party plaintiff, petitioner.

Considered at Special Term and decided by WOZNIAK, C.J. and SCHUMACHER, J., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent NFD brought suit in Minnesota. Petitioner Stratford Leasing moved to dismiss for lack of personal jurisdiction. Stratford seeks discretionary review of the trial court's order denying its motion to dismiss.

### DECISION

Orders denying motions to dismiss are not ordinarily appealable. However, orders denying pretrial motions to dismiss for lack of jurisdiction were traditionally appealable, as a matter of right, under former subsection (d) of Minn.R.Civ.App.P. 103.03. That subsection previously permitted appeals from orders "involving the merits of the action or some part thereof," but the subsection was deleted entirely when the current Rules of Civil Appellate Procedure, effective August 1, 1983, were adopted.

As the supreme court explained, former subsection (d) was not intended to permit

routine appeals from denials of *all* potentially dispositive pretrial motions, and denials of motions to dismiss were, therefore, generally not appealable, even when the subsection was in effect. However, the court noted the "conspicious exception" to this general rule of non-appealability which was made for orders denying motions to dismiss for lack of personal jurisdiction. *Kokesh v. City of Hopkins*, 307 Minn. 159, 161 n. 3, 238 N.W.2d 882, 884 n. 3 (1976); *see also Speyer v. Savogran Co.*, 267 Minn. 67, 68, 124 N.W.2d 827, 829 (1963) (order denying non-resident defendant's motion to quash service was appealable as order "going to the merits of the action within the meaning of" statutory predecessor to Rule 103.03(d)).

The 1983 committee comment to Rule 103.03 states that "former clause (d)" was deleted "[b]ecause of the uncertainties resulting from its broad, unspecific language[.]" There is no indication the committee actually intended to preclude appellate review of pretrial rulings on jurisdiction questions.

We recognize the strong policy reasons for immediate review of an issue which may be dispositive of a party's obligation to defend against suit. *See Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986) (order rejecting claim of immunity from suit under 42 U.S.C. § 1983 *should* be reviewed, even if no provision of Rule 103.03 clearly *required* the court to accept jurisdiction). Accordingly, it is this court's practice to extend review to orders denying motions to dismiss for lack of jurisdiction. *See* 3 E. Magnuson, D. Herr, & R. Haydock, *Minnesota Practice* 3–4 (Supp.1987) ("[T]he appellate courts recognize that there are certain unique situations where an immediate appeal should be allowed, even though there is no express provision in Rule 103.03. Thus, for example, decisions of the trial court denying motions to dismiss for lack of personal jurisdiction are deemed to be 'final', and discretionary review is allowed under Rule 105.05 (sic) as a matter of course." (citations omitted)).

We are hopeful that amendment of Rule 103.03 will eventually make the basis for such appeals clear and relieve counsel of the burden of seeking discretionary review, but in the meantime, we conclude that "the interest of justice" requires that we grant discretionary review. *See* Minn.R.Civ.App. P. 105.01.

Petition for discretionary review granted.

PARKER, J., took no part in the consideration or decision of this case.