## In re STATE AND REGENTS BUILDING ASBESTOS CASES.

### No. CX–88–1402.

Supreme Court of Minnesota.

Jan. 31, 1989.

Joseph L. Cotter, Boston, Mass., Frederick R. Jacobberger, St. Paul, Scott Allen Smith, Minneapolis, for W.R. Grace & Co.

Michael R. Sieben, Hastings, for State of Minn.

AMDAHL, Chief Justice.

We granted the petition of W.R. Grace & Co. to review an order of the court of appeals dismissing its direct appeal and denying its two alternative petitions for discretionary review of an order of the trial court vacating portions of an earlier partial summary judgment entered and made final by operation of Minn.R.Civ.P. 54.02. We reverse and remand.

The State of Minnesota commenced this action in March 1985 against various manufacturers of asbestos-containing building materials to recover damages allegedly caused by the presence of asbestos in buildings owned by plaintiffs. After extensive discovery, the trial court directed plaintiffs to identify the specific buildings alleged to contain the hazardous materials and, for

---

each, the type and manufacturer of any asbestos found therein. On October 1, 1987, the trial court granted defendants' motions for partial summary judgment, thereby defining the buildings, products and manufacturers to participate in the action. The trial court directed the entry of this partial summary judgment in accordance with Minn.R.Civ.P. 54.02.

No appeal was taken within the time authorized, but approximately six months later, the state moved the trial court pursuant to Minn.R.Civ.P. 60.02 to vacate that judgment in part to add a newly disclosed building. The court granted the motion, vacated the judgment in part and amended it to allow for the inclusion of another building affected by the presence of asbestos. Grace filed a notice of appeal from that order of the trial court and, alternatively, petitioned the court of appeals for discretionary review. The direct appeal was dismissed and the discretionary petitions were denied. In doing so, the court reasoned that since the deletion of former clause (d) of Minn.R.Civ.App.P. 103.03 in August 1983, there is no provision which authorizes an appeal "from an order involving the merits of the action or some part thereof."[1] We do not share that view.

It is our view that the order is appealable as of right. As we have commented on many prior occasions, an order vacating an appealable final judgment is appealable itself. *Moberg v. Moberg*, 347 N.W.2d 791, 794 (Minn.1984) (quoting with approval from *People's Ice Co. v. Schlenker*, 50 Minn. 1, 2, 52 N.W. 219, 219 (1892)). The fact that the judgment here vacated was a partial summary judgment is of no consequence where, as here, the trial court expressly directed its entry pursuant to Minn. R.Civ.P. 54.02. Thus making it final.

Historically, former clause (d) caused considerable uncertainty in its interpretation and application because its language was so broad as to seemingly authorize an appeal in any conceivable circumstance, *i.e.*, at any time the merits of an action were involved. This court was convinced at the time it deleted the clause that appellate practice would be better served by eliminating such a broad authorization, nevertheless preserving the right of direct appeal in those limited instances where the appeal arises from principles independent of the appellate rules. *See, e.g., Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969) (order granting or denying a pretrial motion to dismiss for lack of jurisdiction is appealable as of right without regard or reference to the Rules of Civil Appellate Procedure). The court of appeals has not consistently following this principle.

We therefore conclude that, based upon prior decisional authority, the court of appeals erred in dismissing the appeal because the order vacating an appealable final judgment is appealable as of right. Such a right derives not from procedural rules but from fundamental principles attending the finality of judgments. As a practical matter, allowing an appeal at this stage of the proceedings is critical where, as here, the parties affected by the order had expected that the expiration of the time for appeal fully defined the parameters of the litigation; not only are principles of judicial economy promoted, but also the affected parties are afforded review prior to participating in any further proceedings necessitated by the trial court's order.[2] We therefore reverse that portion of the order of the court of appeals dismissing the appeal and remand the matter to that court for review on the merits.

REVERSED AND REMANDED.

COYNE, J., took no part.

POPOVICH, Justice (dissenting).

I respectfully dissent and write to express my concern over the majority's recog-

---

1. The court of appeals has demonstrated its continued confusion over the deletion of former clause (d). Compare *Miller v. City of St. Paul*, 363 N.W.2d 806, 809 (Minn.App.1985); with *NFD, Inc. v. Stratford Leasing Company*, 427 N.W.2d 757 (Minn.App.1988).

2. *See Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986) (order denying summary judgment appealable where motion for summary judgment based on claim of immunity from suit).

nition of a right to appeal arising "from principles independent of the appellate rules." While the majority notes the "confusion" evidenced by the court of appeals, I believe the confusion, if any, may also arise from our failure to consistently apply the rules of appellate procedure relating to jurisdiction and our creation of exceptions to them.

1. There is no constitutional right in this state to appeal in civil cases. *In re Appeal of O'Rourke,* 300 Minn. 158, 164–65, 220 N.W.2d 811, 815 (1974). Appellate courts may constitutionally limit a litigant's access to appellate review for failure to comply with the rules and statutes which confer and define the right to appeal. As the 1983 Comment, prepared by this court's Advisory Committee on the Rules of Civil Appellate Procedure, stated:

> There is a right of appeal only from a judgment or an order enumerated in Rule 103.03. An appeal from any order not specifically included in Rule 103.03 is discretionary, and permission must be sought by petition as provided in Rule 105.

Minn.R.Civ.App.P. 103.03, Comment at 371.

We have indicated that the existence of occasional opinions, in which the merits of an appeal were reviewed without commenting on the basis for jurisdiction, does not render a non-appealable order appealable. "These cases are no authority upon the issue of appealability and are to be explained by the fact that the issue of appealability was never raised or called to the attention of the court." *Chapman v. Dorsey,* 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950). The basis for an appeal of right is found in the Rules of Civil Appellate Procedure, promulgated and interpreted by this court.

2. An order vacating a judgment is not "enumerated" in the list of appealable judgments and orders contained in the current version of Rule 103.03. The majority relies on *Moberg v. Moberg,* 347 N.W.2d 791 (Minn.1984), in holding that such an order is, nevertheless, "appealable as of right." While *Moberg* held the appealability of an order vacating an appealable judg-

ment was "well established," *id.* at 794, it based this holding on a quotation from *People's Ice Co. v. Schlenker,* 50 Minn. 1, 2, 52 N.W. 219, 219 (1892). *People's* explicitly held such an order was appealable because it "involves the merits of the action." *Id.* at 2, 52 N.W. at 219. No other basis for assuming jurisdiction was identified in *People's* or *Moberg.*

Until August 1, 1983, Rule 103.03(d) specifically permitted an appeal "from an order involving the merits of the action or some part thereof." The appeal in *Moberg* was filed, and jurisdiction vested, before August 1, 1983, when the current version of Rule 103.03, including the deletion of former clause (d), took effect. Since all appeals pending in the supreme court on July 31, 1983, continued to be "governed by the former Rules of Civil Appellate Procedure," the order in *Moberg* was correctly reviewed on the merits. *See,* Order Promulgating Amendments to the Rules of Civil Appellate Procedure (June 17, 1983), *reprinted in* 51 Minn.Stat.Ann. 3 (West Supp.1989).

3. Now that former clause (d) has been deleted, there is no *right* to appeal orders which were appealable only under that clause:

> Because of the uncertainties resulting from its broad, unspecific language, former clause (d) "From an order involving the merits of the action or some part thereof" has also been deleted. Review of an order not specifically enumerated in Rule 103.03 is *discretionary only,* and permission to appeal must be sought pursuant to Rule 105.

Minn.R.Civ.App.P. 103.03, Comment at 371 (emphasis added). I do not minimize the policy reasons for immediate review cited by the majority. Those are proper factors to be considered when ruling on a petition for *discretionary* review. However sound, policy reasons do not convert a non-appealable order to one which is appealable as a matter of right. For instance, the majority cites the economy of appellate review before further proceedings in the trial court. Reversal of the trial court's decision would result in savings, perhaps substantial, of

counsel and court resources. However, the same is true of an order granting a new trial. If immediately appealed and reversed, the parties could be spared the needless expense of a second trial. Despite this compelling policy concern, an order for new trial is immediately appealable *only* if it is based solely and specifically upon errors of law occurring at the initial trial. Minn.R.Civ.App.P. 103.03(d).

4. I am concerned about the confusion which may result from our simultaneous limitation of appeals in the rules, with the admonition that "there is a right of appeal *only* from a judgment or order enumerated" therein and our recognition today of a right to appeal which is *not* derived from those rules. Recently, we recognized such an independent right to appeal from three types of orders, without reference to any provision of Rule 103.03, and I question whether they can be reconciled.

(a) The majority cites *Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986). The court there reversed the dismissal of an appeal from the denial of a motion for summary judgment. An order denying a motion for summary judgment is not enumerated in Rule 103.03. However, as this court noted, such an order is appealable in the *federal* courts under the so-called "collateral order doctrine." Minnesota has no similar rule or statute. *Id.* at 363. The *Anderson* opinion explained the compelling policy reasons which prompted the United States Supreme Court to hold, in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), that the denial of a summary judgment motion based upon a claim of immunity was appealable under the federal collateral order doctrine. We said:

> We need not decide whether *Mitchell* requires Minnesota Appellate Courts to allow pretrial appeal of an order denying a civil defendant's federal-law claim that a suit under 42 U.S.C. § 1983 should be dismissed on the ground that he is immune from suit. We believe that the *Mitchell* case is a well-reasoned case that *ought* to be followed in analogous cases in interpreting Minn.R.Civ.App.P. 103.03, without regard to whether it *must* be followed.

*Anderson*, 393 N.W.2d at 364 (emphasis in original).

Commentators have criticized the opinion, noting that "[t]here is no specific section of Rule 103.03 to which a Minnesota version of the 'collateral order' doctrine would apply," and suggesting that the court in *Anderson* actually recognized the "strong equitable arguments for * * * exercising its *discretionary* authority to accept an appeal not expressly allowed under Rule 103.03." 3 D. Magnuson, D. Herr & R. Haydock, *Minnesota Practice* § 103.5, at 3–4 (Supp.1987) (emphasis added). However, the the majority holds again today that an order denying summary judgment is *appealable* where the motion for summary judgment was based upon a claim of immunity from suit.

(b) The majority also holds that an order granting or denying a pretrial motion to dismiss for lack of jurisdiction is appealable as of right "without regard or reference to the Rules of Civil Appellate Procedure." It is unclear where the jurisdiction for such an appeal comes from, if not from the rules.

The denial of a motion to dismiss was generally non-appealable even when former clause (d) was in effect. However, a "conspicuous exception" to the general rule of nonappealability was made for orders denying motions to dismiss for lack of personal jurisdiction. *Kokesh v. City of Hopkins*, 307 Minn. 159, 161 n. 3, 238 N.W.2d 882, 884 n. 3 (1976). *Kokesh* cited *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), *cert. denied sub nom., Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970), which did not explicitly identify any basis for permitting such appeals, and *Speyer v. Savogran Co.* 267 Minn. 67, 124 N.W.2d 827 (1963). In *Speyer*, the court specifically held that an order denying a motion to dismiss was appealable as an order "going to the merits of the action within the meaning of" the statutory predecessor to Rule 103.03(d). *Id.* at 68, 124 N.W.2d at 829.

Again, commentators have indicated that review of such decisions is now *discretionary,* and not a matter of right. *Minnesota Practice, supra,* at 4. In fact, it is the practice of the court of appeals to extend discretionary review to orders denying motions to dismiss for lack of jurisdiction. *See NFD v. Stratford Leasing,* 427 N.W.2d 757 (Minn.App.1988). However, the majority opinion holds the right of direct appeal has been "preserved," despite the deliberate deletion of the subsection which this court held authorized such appeals.

(c) Finally, the majority opinion concludes that an order vacating a judgment is appealable as of right, "based upon prior decisional authority," even though that authority (*i.e., Moberg*) was decided under, and specifically relied upon, a provision of Rule 103.03 which has not been in effect for more than five years.

Careful practitioners, when reviewing Rule 103.03, find the order by which they are aggrieved is not listed, and rely upon the admonition in the Comment that orders not specifically included are *not* appealable. However, they may now find themselves estopped from challenging the order on appeal from the final decision or judgment. *See Jesmer Company v. Wurdemann–HJELM Corporation,* 250 Minn. 485, 488, 85 N.W.2d 207, 209 (1957); *Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.* 354 N.W.2d 111, 113 (Minn.App.1984) (party who fails to appeal is bound by decision).

5. I believe the interests of appellate practice would be better served by applying Rule 103.03 as written, and extending *discretionary review* pursuant to Rule 105 when compelling policy reasons justify immediate appellate review, rather than creating another exception to the general rule relating to appealability. We could merely reverse the court of appeals on the basis of an abuse of discretion, rather than creating another "right to review" not contained in the rules.