**In re the Marriage of Darrell Lee ERICKSON, Petitioner, Appellant,**

v.

**Margaret Karen ERICKSON, Respondent.**

No. C4-93-1149.

Court of Appeals of Minnesota.

Oct. 19, 1993.

Beverly K. Dodge, David M. Weigel, Barna, Guzy & Steffen, Ltd., Coon Rapids, for appellant.

Barbara J. Gislason, Barbara J. Gislason & Associates, Minneapolis, for respondent.

Considered at Special Term and decided by ANDERSON, C.J., and LANSING and SHORT, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

After respondent Margaret Karen Erickson failed to attend a pretrial hearing in the parties' marital dissolution action, the district court entered a default judgment. Respondent claimed she had not received notice of the pretrial hearing and moved to vacate the default judgment. In an April 29, 1993 order, the district court granted her motion and ordered that the matter proceed to trial. Appellant Darrell Lee Erickson appealed the April 29 order. This court questioned whether the order was appealable and requested that the parties submit memoranda on the question.

### DECISION

■ Limitations on the time to appeal "are designed to expedite the final resolution of litigation, with due consideration to fairness and certainty of procedure." *ECI Corp. v. GGC Co.*, 306 Minn. 433, 435, 237 N.W.2d 627, 629 (1976). Expiration of the time for appeal precludes the losing party from seeking to modify or vacate the judgment because of judicial error. *See Anderson v. Anderson*, 288 Minn. 514, 519, 179 N.W.2d 718, 722 (1970).

■ Minnesota law provides that "[A]n order vacating an appealable final judgment is appealable itself." *In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989). The right of appeal derives from "fundamental principles attending the finality of judgments," rather than from a specific rule. *Id.* In *Regents*, petitioners moved to vacate pursuant to Minn.R.Civ.P. 60.02 after the time to appeal the judgment had expired. *Id.* The supreme court reasoned that allowing an immediate appeal from an order granting the vacation motion was

critical where, as here, the parties affected by the order had expected that the expira-

tion of the time for appeal fully defined the parameters of the litigation.

*Id.*

■ The facts in this case are unlike the facts in *Regents* because the March 5 judgment was vacated *before* the time to appeal the judgment expired. The vacation of the judgment did not defeat the parties' expectation of finality. *See* Minn.R.Civ.App.P. 104.01 (appeal from judgment may be taken within 90 days after entry). Fundamental principles attending the finality of judgments do not warrant immediate appeal of an order vacating a default judgment that is truly not "final" because the time to appeal the judgment has not expired. *See Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695, 697 (Mo.Ct.App.1966) (order vacating default judgment appealable only if judgment had become final when it was set aside).

Denying appellant a right to immediate appeal is consistent with the supreme court's emphasis on completion of trial court proceedings prior to appeal. *See Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988). In addition, we note that federal courts generally have held that orders granting vacation motions under Fed.R.Civ.P. 60(B) are interlocutory and nonappealable, if issues remain to be determined. *See Parks By and Through Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir.1985); 7 James W. Moore, *Moore's Federal Practice* § 60.30[3] (2d ed. 1983).

Similarly, other jurisdictions preclude immediate appeal of orders vacating judgments because of lack of finality and the need for efficient judicial administration. *See, e.g., Hall v. Hall*, 115 N.M. 384, 387, 851 P.2d 506, 509 (Ct.App.1993); *Cain v. Sukkar*, 521 N.E.2d 1292, 1294 (Ill.App.Ct.1988); *Suburban Sales & Serv., Inc. v. District Ct. of Ramsey County*, 290 N.W.2d 247, 250 (N.D. 1980); *Milton J. Wershow Co. v. McVeety Mach. Co.*, 263 Or. 97, 500 P.2d 696, 697 (1972).

In view of the policy favoring completion of trial court proceedings prior to appeal and

because the April 29 order did not vacate a "final" judgment, we hold that the order is not immediately appealable. Appellant may obtain review of the April 29 order on appeal from a final judgment on the merits, if necessary. *See* Minn.R.Civ.App.P. 103.04.

**Appeal dismissed.**