**M.A. MORTENSON CO., Respondent,**

**v.**

**MINNESOTA COMMISSIONER OF REVENUE, Appellant,**

County of Olmsted, Minnesota, City of Rochester, Minnesota, Respondents.

No. C3–90–2021.

Court of Appeals of Minnesota.

April 30, 1991.

Thomas L. Fabel, Ansis V. Viksnins, Lindquist & Vennum, Minneapolis, for M.A. Mortenson Co.

Hubert H. Humphrey, III, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., Tax Litigation Div., St. Paul, for Minnesota Com'r of Revenue.

Thomas L. Bird, Fabyanske, Svoboda, Westra & David, St. Paul, for County of Olmsted, Minn.

Frederick S. Suhler, Jr., Rochester City Atty., Rochester, for City of Rochester, Minn.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

PETERSON, Judge.

The Minnesota Commissioner of Revenue appeals from the district court judgment entered June 13, 1990, denying his motion to dismiss part of a complaint filed by respondent M.A. Mortenson Co. The district court ruled that count 3 was not within the exclusive jurisdiction of the tax court and was not barred for failing to state a claim upon which relief could be granted under the sales/use tax anti-injunction statute. We disagree and reverse.

## FACTS

During the mid–1980's, respondent M.A. Mortenson Co. (Mortenson) constructed a waste-to-energy facility in Rochester, Minnesota for Olmsted County. Mortenson claims it based its bid for the project upon Olmsted County's representation that Mortenson would be provided with "sales tax-exemption certificates" and, therefore, would bear no sales tax burden related to the construction. Mortenson claims it received the promised certificates from the Olmsted County engineer and project manager on October 24, 1985.

Mortenson and its subcontractors were subsequently audited by appellant Minnesota Commissioner of Revenue and were assessed both Minnesota and City of Rochester sales and use taxes on the materials used in construction of the waste-to-energy facility. Thereafter, a dispute arose as to who would be obligated to pay sales/use taxes.

Mortenson appealed the tax assessment to the Minnesota Tax Court, *M.A. Mortenson Co. v. Commissioner of Revenue*, No. 5362 (T.C.Minn. filed July 10, 1989). This appeal is currently pending. Mortenson also filed this declaratory judgment action against Olmsted County, the City of Rochester, and the Commissioner, alleging seven counts. Counts 1–3 are basically identical to the first three counts raised in Mortenson's tax court appeal and generally allege the Commissioner's assessment was improper. Counts 4–7 are directed specifically at Olmsted County and seek to hold Olmsted County liable for any tax owed by Mortenson. Those four counts are not at issue in this appeal.

The Commissioner moved the district court to dismiss the suit against him, claiming that Minn.Stat. § 271.01, subd. 5 gave exclusive jurisdiction of the claims against the Commissioner to the tax court, and claiming that Minn.Stat. § 297A.33, subd. 4 bars the action against the Commissioner. The district court refused to dismiss any of the claims based upon Minn.Stat. § 271.01, subd. 5, stating that the district court had subject-matter jurisdiction to hear the issues. However, the district court did dis-

miss Counts 1 and 2 against the Commissioner, based upon Minn.Stat. § 297A.33, subd. 4, stating that the county failed to state a claim upon which relief could be granted. The district court refused to dismiss count 3 or the Commissioner from the case.

Thereafter, the Commissioner petitioned the court of appeals for a writ of prohibition to prevent the district court from exercising jurisdiction over the Commissioner. This court denied the writ in an August 14, 1990 order. However, the order stated that it "shall not bar a timely direct appeal." On September 10, 1990 the Commissioner filed this direct appeal.

## ISSUES

I. Is the district court's order denying the Commissioner's motion to dismiss for lack of subject-matter jurisdiction appealable to this court?

II. Does Minn.Stat. § 271.01, subd. 5 (Supp.1989) deprive the district court of jurisdiction to hear count 3 of Mortenson's declaratory judgment action?

III. Does Minn.Stat. § 297A.33, subd. 4, prohibit the district court from hearing count 3 of Mortenson's declaratory judgment action?

IV. Is a declaratory judgment action a proper remedy available to Mortenson for count 3?

## ANALYSIS

### I.

■ Mortenson first argues that the Commissioner cannot appeal from the district court's order denying his motion to dismiss count 3 of Mortenson's declaratory judgment action because a denial of a motion to dismiss is not appealable. Though orders denying pretrial motions were traditionally appealable as a matter of right under former Minn.R.Civ.App.P. 103.03, subd. (d), the rule was deleted in 1983. However, there is no indication the rules committee intended to preclude appellate review of pretrial rulings on jurisdiction questions. *NFD, Inc. v. Stratford Leasing Co.*, 427 N.W.2d 757, 758 (Minn.App.1988).

There remain strong policy reasons for immediate review of an issue that may be dispositive of a party's obligation to defend a suit. *Id.* Accordingly, it has been this court's practice to extend review to orders denying motions to dismiss for lack of jurisdiction. *Id.*

The right of direct appeal in this limited instance arises from principles independent of the appellate rules. *See In re State and Regents Building Asbestos Cases*, 435 N.W.2d 521 (Minn.1989). An order denying a pretrial motion to dismiss for lack of jurisdiction is appealable as of right because denial of the motion is not merely a retention of the action for trial, but is a determination of a fundamental right that compels the defendant to take up the burden of litigation. *Hunt v. Nevada State Bank*, 285 Minn. 77, 89, 172 N.W.2d 292, 300 (1969), *cert. denied* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970).

### II.

■ The Commissioner contends that Minn.Stat. § 271.01, subd. 5 (Supp.1989) deprives the district court of jurisdiction over count 3 of Mortenson's complaint against the Commissioner. The Commissioner argues that section 271.01, subd. 5 invests the tax court with exclusive jurisdiction to determine count 3 where Mortenson has already appealed the case to the tax court. The Commissioner claims that since the tax court has jurisdiction to decide all questions of law or fact arising under the tax laws in those cases appealed to it, and since a challenge to a tax assessment necessarily raises tax issues, the tax court has exclusive jurisdiction to decide count 3 of Mortenson's complaint.

Minn.Stat. § 271.01, subd. 5 provides:

* * * Except for an appeal to the supreme court or any other appeal allowed under this subdivision, the tax court shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under tax laws of the state, as defined in this subdivision, in those cases that have been appealed to the tax court and in any case

that has been transferred by the district court to the tax court. * * * Laws governing taxes, aids, and related matters administered by the commissioner of revenue, laws dealing with property valuation, assessment or taxation of property for property tax purposes, and any other laws that contain provisions authorizing review of taxes, aids, and related matters by the tax court shall be considered tax laws of this state subject to the jurisdiction of the tax court.

Here, Mortenson has appealed the Commissioner's assessment to the tax court. In fact, its appeal to the tax court included a count that is identical, in most respects, to count 3 of the complaint to the district court. Both appeals assert that because Olmsted County is the "purchaser" pursuant to Minn.Stat. § 297A.12 (1986), Olmsted County, and not Mortenson, is responsible for any tax liability and, therefore, the tax should be assessed against Olmsted County.

The district court held that count 3 only raises issues concerning whether or not Olmsted County is liable for any tax that might be determined due by the tax court; it did not involve questions of law and fact arising under the tax laws. Mortenson claims that count 3 merely alleges that Olmsted County, as the true purchaser, should be assessed the tax. Mortenson contends that if it should prevail in district court, then it will not owe any tax; eliminating the need for the tax court to resolve Mortenson's appeal regarding the precise amount of the tax.

In *In re McCannel*, 301 N.W.2d 910 (Minn.1980), the Minnesota Supreme Court observed that the legislature framed the subject-matter jurisdiction of the tax court in very broad language:

[t]he language designating the tax court as the sole, exclusive, and final authority for *all issues* raised in a particular case suggests that the legislature intended the tax court to have the power to decide each case completely.

*Id.* at 920 (emphasis added). Under a similar statute, the Minnesota Workers' Compensation Court of Appeals has been held to have plenary powers over all questions of law and fact arising under the workers' compensation laws of the state in those cases that have been appealed to it. *Hagen v. Venem*, 366 N.W.2d 280, 283 (Minn. 1985).

██ Based upon these statutory interpretations, we hold that the tax court has jurisdiction to decide this tax assessment matter completely. Mortenson appealed to the tax court prior to filing its claim in the district court. Also, Mortenson's third count, which was included in its appeal to the tax court, necessarily raises tax questions of the proper tax assessment and the interpretation of "purchaser" under Minn. Stat. § 297A.12. Therefore, the district court should dismiss count 3 so that the tax court can decide whether the assessment was proper under the tax laws, which will include disposition of the question of which party is the actual "purchaser" under the statute.

III.

██ The Commissioner also contends that Minn.Stat. § 297A.33, subd. 4 (1988), the sales/use anti-injunction statute, prohibits the district court from hearing count 3 of Mortenson's complaint against the Commissioner. He claims that, like counts 1 and 2, which the district court dismissed as being attempts to bar the Commissioner from recovering taxes from plaintiff or its suppliers, count 3 should also be dismissed. He claims that count 3 will also result in such a bar if Mortenson prevails in district court.

Mortenson contends that the Commissioner has misconstrued the nature of the declaratory action. Mortenson claims the action was instituted only to resolve the question of who, if anyone, will bear the responsibility for any sales taxes assessed; it was not instituted to frustrate the Commissioner from actually assessing or collecting the taxes.

Minn.Stat. § 297A.33, subd. 4 states that "[n]o suit shall lie to enjoin the assessment or collection of any taxes imposed by sections 297A.01 to 297A.44, or the interest and penalties imposed thereby." Interpret-

ing a similar statute, the United States Supreme Court held that there was little practical difference between injunctive and declaratory relief. Therefore, the Federal Tax Injunctive Act prohibited declaratory as well as injunctive relief. *California v. Grace Brethren Church*, 457 U.S. 393, 409–12, 102 S.Ct. 2498, 2508–09, 73 L.Ed.2d 93 (1982).

With regard to count 3 in this case, there is no practical difference between injunctive and declaratory relief. Count 3 seeks a determination that Olmsted County is the "purchaser" of all materials for the waste-to-energy facility. This determination would bar collection of any tax on these sales because sales to Olmsted County as a "purchaser" are exempt from sales tax under Minn.Stat. § 297A.25, subd. 11 (1988). Because the declaratory relief sought in count 3 would bar the assessment or collection of taxes on these sales, Minn.Stat. § 297A.33, subd. 4 requires dismissal of count 3.

### IV.

Even if count 3 were not barred by the anti-injunction statute, a declaratory judgment action would not be available to Mortenson to obtain relief in this instance. Mortenson cites *Zimpro Inc. v. Commissioner of Revenue*, 339 N.W.2d 736 (Minn. 1983), as support for its position that a declaratory action is not barred by the anti-injunction statute.

In *Zimpro*, instead of appealing to the tax court, a contractor brought a declaratory judgment action seeking a judicial declaration that its purchase of sewage treatment equipment, pursuant to a construction contract with a state agency, was not a taxable event. *Id.* at 737. The supreme court affirmed the granting of declaratory relief for the contractor. *Id.* at 741. However, the Commissioner in *Zimpro* did not object to the use of a declaratory judgment action to obtain relief and the court did not address whether a declaratory judgment action should be available to the contractor.

In *Land O'Lakes Dairy Co. v. Village of Sebeka*, 225 Minn. 540, 31 N.W.2d 660, *cert. denied*, 334 U.S. 844, 68 S.Ct. 1513, 92 L.Ed. 1768 (1948), the Minnesota Supreme Court specifically considered whether a taxpayer who had available a specific statutory remedy could obtain relief from the assessment of a tax by bringing an action under the Uniform Declaratory Judgments Act. In *Land O'Lakes Dairy*, the taxpayer sought a judgment declaring real and personal property exempt from taxation until the United States was divested of an interest it held in the property. There was available to the taxpayer a statutory remedy to have real estate tax grievances determined. There was no similar remedy available for the determination of personal property tax grievances.

The court held that, for the determination of real estate tax matters, the specific statutory remedy was adequate and a declaratory judgment action was not available as an alternative remedy. Because there was no similar statutory remedy for personal property taxes, relief under the Declaratory Judgments Act was available.

This principle was succinctly explained in *Village of Edina v. Joseph*, 264 Minn. 84, 100, 119 N.W.2d 809, 819 (1962), where the Minnesota Supreme Court stated:

> The authorities generally indicate that relief against erroneous or illegal assessments will not be granted by a court of equity, if the property owner has an adequate remedy at law. If the statute or charter provides a remedy by appeal or otherwise, such remedy is generally exclusive and will preclude any resort to equity.

The established statutory procedures in this case provide Mortenson with two options for appealing the tax assessment. One option is to withhold the disputed tax and appeal to the tax court. Minn.Stat. §§ 271.06, subd. 2, 271.09, subd. 3 (1988). The tax court's ruling could then be appealed directly to the supreme court. Minn.Stat. § 271.10, subd. 1 (1988). The other option is to pay the tax and bring suit in district court for a refund under Minn. Stat. § 297A.35, subd. 2 (1988) with an appeal to the court of appeals. These procedures are comprehensive and provide an

adequate remedy at law. Therefore, a declaratory judgment action is not an alternative remedy available to Mortenson for count 3.

## DECISION

The trial court erred in denying the motion to dismiss count 3.

Reversed.