BEUNING FAMILY LP, petitioner,
Respondent,

v.

COUNTY OF STEARNS, Relator.

Nos. A11–1479, A11–1480.

Supreme Court of Minnesota.

July 25, 2012.

David B. Galle, Stacy M. Lindstedt, Oppenheimer Wolff & Donnelly LLP, Minneapolis, MN, for respondent.

Janelle P. Kendall, Stearns County Attorney, Marcus Miller, Brenda L. Theis, Assistant County Attorneys, St. Cloud, MN, for relator.

## OPINION

MEYER, Justice.

The threshold issue in each of these cases is our jurisdiction to review by certiorari an interlocutory decision of the tax court. We conclude that we lack jurisdiction in each case and therefore dismiss the writs of certiorari.

Respondent Beuning Family Limited Partnership (Beuning) is a part-owner of 8.92 acres of unimproved vacant land in LeSauk Township in Stearns County (the County). Before 2008, the County classified the property as residential nonhomestead for tax purposes, in accordance with its zoning. With the January 2008 assessment, the County changed the property's tax classification to commercial.

In May 2009, Beuning filed a petition under Minn.Stat. § 278.01 (2010), claiming the property was misclassified, unequally assessed, and overvalued. Because Beuning's petition was filed after the statutory filing deadline of April 30, the tax court dismissed the petition as untimely. *Beuning Family Ltd. P'ship v. Cnty. of Stearns*, No. 73–CV–09–5831, 2009 WL 4589795, at *2 (Minn. Tax Ct. Dec. 3, 2009); *see* Minn.Stat. § 278.01, subd. 1(c) (requiring that a petition challenging an

assessment be filed on or before April 30 of the year in which the tax becomes payable). The court declined to hear Beuning's claim of misclassification because Beuning had not filed a verified claim for refund of mistakenly billed taxes, as required by Minn.Stat. § 278.14 (2010) (providing that "[a] county must pay a refund of mistakenly billed tax ... upon verification of a claim made in a written application by the owner of the property"). *Beuning Family*, 2009 WL 4589795, at *3.

Beuning did not appeal from the tax court's dismissal of its May 2009 petition. Rather, in March 2010 Beuning filed a verified claim under Minn.Stat. § 278.14 for a refund of taxes paid in 2009. Beuning claimed that the property was misclassified for taxes payable in 2009. The County denied the refund claim a few weeks later. In May 2010, Beuning appealed to the district court from the County's denial of the refund claim pursuant to Minn.Stat. § 278.14, subd. 3.

After the district court transferred Beuning's section 278.14 appeal to the tax court, the County moved for partial summary judgment on four grounds: (1) that Beuning's May 2010 petition under section 278.14, seeking a refund of taxes paid in 2009, was untimely because it was not filed in the year in which the taxes were due and payable; (2) that because Beuning's petition under section 278.14 sought a refund of taxes paid for the same reasons advanced in Beuning's earlier petition under Minn.Stat. § 278.01, the petition under section 278.14 amounted to an improper attempt to appeal the tax court's dismissal of the earlier petition; (3) that Beuning's claim for refund had already been determined in the dismissal of Beuning's earlier petition; and (4) that the property was properly classified as commercial. The tax court denied the County's motion for partial summary judgment. In a second or-

der, the tax court determined that there was no just reason for delay and directed entry of judgment under Minn. R. Civ. P. 54.02. The writ of certiorari for review of the tax court's order denying the County's motion to dismiss the section 278.14 appeal with respect to taxes payable in 2009 is matter A11–1479.

In the meantime, in April 2010 Beuning filed a timely petition under Minn.Stat. § 278.01 with respect to property taxes assessed in 2009 (payable in 2010), claiming that the property was overvalued, unequally assessed, illegally taxed, and improperly classified. In June 2011, the tax court ruled that the property was properly classified as residential nonhomestead, its original classification, but did not determine the value of the property for property tax purposes or the amount of taxes properly assessed against the property. In a second order, the court determined there was no just reason for delay and directed entry of judgment under Minn. R. Civ. P. 54.02. The writ of certiorari for review of the tax court's determination of the classification of the property for the 2009 assessment year is matter A11–1480.

Minnesota Statutes § 271.10, subd. 1 (2010), provides for our review by certiorari of "any final order of the Tax Court ... on the ground that the Tax Court was without jurisdiction, that the order of the Tax Court was not justified by the evidence or was not in conformity with law, or that the Tax Court committed any other error of law." By order filed on September 23, 2011, we questioned our jurisdiction to hear these cases, stayed briefing on the merits, and requested supplemental briefing from the parties on the jurisdictional question.

### Appeal No. A11–1479

The County asserts five grounds for our jurisdiction over the County's appeal in

matter A11–1479. After consideration, we reject each stated ground.

*Minn. R. Civ.App. P. 103.03*

The County contends that the tax court's order denying the County's motion for summary judgment is reviewable under various provisions of Minn. R. Civ.App. P. 103.03, specifically, 103.03(a) ("a partial judgment entered pursuant to Minn. R. Civ. P. 54.02"), 103.03(g) ("a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding"), and 103.03(j) ("such other orders or decisions as may be appealable by statute or under the decisions of the Minnesota appellate courts").

■ Rule 103.03, by its terms, applies to appeals to the court of appeals: "An appeal may be taken to the Court of Appeals. . . ." It does not expressly apply to appeals to this court, much less to petitions for writs of certiorari filed with this court. The tax court's denial of the County's motion for partial summary judgment is not reviewable by our court under Minn. R. Civ.App. P. 103.03.

In asserting Minn. R. Civ.App. P. 103.03 as grounds for our jurisdiction in this case, the County relies on a footnote to our opinion in *Brookfield Trade Center, Inc. v. County of Ramsey*, 609 N.W.2d 868, 873 n. 6 (Minn.2000). In *Brookfield*, the county sought review by certiorari of a tax court decision denominated as "final" but granting only partial summary judgment to the taxpayer. *Id.* We noted that the tax court's order "did not fully dispose of the litigation because the issue of valuation remained for trial." *Id.* at 873 n. 6. Accordingly, we held, "this case is not properly before this court pursuant to Minn.Stat. § 271.10, subd. 1." *Id.*

We then proceeded to observe:

It also does not appear that this decision of the tax court satisfies any of the rules that might otherwise permit an appeal from an interlocutory ruling. *See* Minn. R. Civ. P. 54.02 ("When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay for the entry of judgment."); Minn. R. Civ.App. P. 103.03(h) (providing that an appeal may be taken from an order denying a motion for summary judgment "if the trial court certifies that the question presented is important and doubtful"); Minn. R. Civ.App. P. 105 (providing for discretionary review of an order not otherwise appealable). Although we . . . exercise our discretionary authority to adjudicate this appeal in the interests of justice and judicial economy, the tax court and litigants should not assume that future nonfinal orders will be reviewed by this court in the absence of compliance with an appropriate rule authorizing appeal.

*Id.* at 874 n. 6. By our comments, we intended only to suggest that an order granting partial summary judgment, even if rendered by a district court, would not be immediately appealable. We did not intend to suggest, even in dicta, that Minn. R. Civ.App. P. 103.03 authorizes our court to review an interlocutory decision of the tax court, and we so clarify our decision in *Brookfield*.

*Minn.Stat. § 271.10*

■ The County further contends that we can review the order of the tax court under Minn.Stat. § 271.10. Minnesota Statutes § 271.10, subd. 1, provides:

A review of any final order of the Tax Court may be had upon certiorari by the Supreme Court upon petition of any party to the proceedings before the Tax

Court. Such review may be had on the ground that the Tax Court was without jurisdiction, that the order of the Tax Court was not justified by the evidence or was not in conformity with law, or that the Tax Court committed any other error of law.

█ The tax court is an administrative agency of the executive branch, created by statute. *See* Minn.Stat. § 271.01, subd. 1 (2010). As an administrative agency, the tax court's jurisdiction is limited by statute. *See* Minn.Stat. § 271.01, subd. 5 (2010) (prescribing the jurisdiction of the tax court). The doctrine of separation of powers dictates that our jurisdiction to review decisions of the tax court by certiorari is similarly limited by statute. *See State ex rel. Ryan v. Civil Serv. Comm'n of Minneapolis,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967) (observing that in Minnesota the "writ of certiorari is statutory and the statutory provisions must be strictly construed"). The legislature has limited our jurisdiction over the tax court to review of "final order[s]." Minn.Stat. § 271.10, subd. 1.

The County contends that because the tax court entered judgment on its order denying the County's motion for summary judgment, the order is reviewable as a "final order" under section 271.10. Under Minn.Stat. § 271.08, subd. 1 (2010), the tax court is to "determine every appeal by written order containing findings of fact and the decision of the tax court," including "[a] memorandum of the grounds of the decision." Minnesota Statutes § 271.08, subd. 2 (2010), provides: "Upon the filing of the order of the tax court, described in subdivision 1, with the court administrator of the tax court, judgment shall be entered thereon in the same manner as in the case of an order of the district court." The order at issue here does not "determine" Beuning's appeal, but determines only that the tax court has statutory authority to address Beuning's appeal.

Whether or not the tax court properly entered judgment on its order, we have observed that a writ of certiorari, "being in the nature of an appeal, is designed to bring up for review the final determination of an inferior tribunal which, if unreversed, would constitute a final adjudication of some legal rights of the relator." *Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 484, 124 N.W.2d 328, 351 (1963); *see Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970) ("[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action."). But the order on which review is sought here does not finally adjudicate any legal rights of either the County or Beuning. The tax court's order does not determine whether the property was properly classified, nor whether Beuning is entitled to a refund of taxes paid, nor the amount of any such refund. Rather, the tax court's order determines only that the County's denial of Beuning's refund claim is properly before the tax court. As a result, the County's appeal has clearly "disrupt[ed] the orderly process of adjudication" of Beuning's refund claim before the tax court.

Nor does the fact that the tax court entered judgment under Minn. R. Civ. P. 54.02 make the order final. Rule 54.02 provides, in relevant part:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer

than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Assuming, but not deciding, that rule 54.02 applies to tax court proceedings, the tax court's entry of judgment does not comply with the rule. The tax court's order denied the County's motion for partial summary judgment but the County has no claims here: it is the taxpayer who is seeking a refund under Minn.Stat. § 278.14 of taxes allegedly mistakenly billed. Nor did the tax court's order dispose of the taxpayer's refund claim. The court did not, for example, determine whether the taxpayer was in fact improperly billed for taxes payable in 2009, nor did the court determine whether the taxpayer is entitled to a refund of taxes paid. Rather, the court determined only that its earlier dismissal as untimely of Beuning's petition under Minn.Stat. § 278.01 did not bar Beuning's later petition for refund under Minn.Stat. § 278.14.

The dissent contends that our decision today ends "an unbroken line of cases spanning more than a century" in which (according to the dissent) we have held "that an unsuccessful challenge to the subject-matter jurisdiction of a *tribunal* is immediately appealable because a court's decision to retain jurisdiction finally determines a party's positive legal rights." (Emphasis added.)[1] To be clear, we have indeed held for "more than a century" that an unsuccessful challenge to the subject-matter jurisdiction *of a district court* is immediately appealable, and that remains the law. But we have *never* held that an unsuccessful challenge to the subject-matter jurisdiction *of an executive— branch agency* either finally determines a party's legal rights or is immediately appealable. Indeed, none of the cases cited by the dissent involve challenges to the jurisdiction of an executive-branch agency and, because none of our previous cases involve a challenge to the jurisdiction of an executive-branch agency, it was unnecessary for us to mention, much less overrule, them here.[2]

1. The dissent cites two cases as examples of (what the dissent characterizes as) "an unbroken line of cases spanning more than a century" and holding "that an unsuccessful challenge to the subject-matter jurisdiction of a *tribunal* is immediately appealable." (Emphasis added.) But both examples involve appeals from the *district court*, not from an administrative agency. *See State v. Ali,* 806 N.W.2d 45, 49–50 (Minn.2011) (a challenge to the subject-matter jurisdiction of a *district court* to try a defendant who claimed to be a juvenile); *Plano Mfg. Co. v. Kaufert,* 86 Minn. 13, 14, 89 N.W. 1124, 1124 (1902) (an appeal from a *district court's* denial of the defendant's motion to dismiss on grounds that the summons was void).

Other references by the dissent to "tribunals" are equally misleading attempts to blur the distinction between judicial branch courts and administrative agencies. For example, the dissent cites *Plano* and *Curran v. Nash,* 224 Minn. 571, 29 N.W.2d 436 (1947), as "the beginning of an unbroken line of cases . . . in which we have treated the denial of motions challenging the jurisdiction of *a tribunal* as final orders." Both *Plano* and *Curran* were challenges to the jurisdiction of the *district court.*

2. The dissent cites our decision in *In re Estate of Janecek,* 610 N.W.2d 638, 642 (Minn.2000), for the specific proposition that "an order is 'final,' *and is therefore appealable under the plain language of section 271.10,* if it 'finally determines some positive legal right.' " (Emphasis added.) But *Janecek* was an interlocutory appeal from a *district court* order, not an order of the tax court, disqualifying a personal representative's attorney *in a probate proceeding in the district court.* Our opinion in *Janecek* does not even mention Minn.Stat. ch. 271, and the dissent's claim that our opinion in that case held that an order is appealable *under section 271.10* if it "finally determines some positive legal right" is simply wrong.

■ Moreover, as the United States Supreme Court long ago made clear, no right—constitutional or otherwise—is violated when an administrative agency wrongly asserts jurisdiction over a party. In *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 43, 58 S.Ct. 459, 82 L.Ed. 638 (1938), an employer sought an injunction from a federal district court to prevent the National Labor Relations Board (NLRB) from hearing a complaint alleging that the employer was engaged in unfair labor practices at a particular facility. The employer asserted, among other things, that it was not subject to the National Labor Relations Act (and, by extension, was not subject to the jurisdiction of the NLRB) because the operations at the targeted facility "are not carried on, and the products manufactured are not sold, in interstate or foreign commerce." *Id.* at 47, 58 S.Ct. 459. The employer further asserted that unless the federal district court enjoined the proceedings before the NLRB, it would be denied "rights guaranteed by the Federal Constitution." *Id.* at 50, 58 S.Ct. 459.

The Supreme Court rejected the employer's challenge, holding that the federal district courts were "without jurisdiction to enjoin hearings" of the NLRB. *Id.* at 48, 58 S.Ct. 459. To hold otherwise, the Court reasoned, "would ... in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance." *Id.* at 50, 58 S.Ct. 459. Moreover, the Court declared:

> The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until

the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

*Id.* at 50–51 & n. 9, 58 S.Ct. 459 (collecting cases).

The statutory scheme under Minn.Stat. ch. 271 reflects this principle. Except for appeals, Minn.Stat. § 271.01, subd. 5 makes the tax court "the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state" in cases appealed or transferred to it. Minnesota Statutes § 271.10, subd. 1, allows for a challenge to the jurisdiction of the tax court, but only in the context of a "final order." A "final order" must therefore reflect the exhaustion of all of the taxpayer's administrative remedies. To construe "final order" to include an interlocutory order asserting the agency's jurisdiction over the dispute renders the language of section 271.10, subdivision 1, a mere tautology: if all jurisdictional orders are "final," then there is no need for the Legislature to have specifically permitted appeal from "final order[s]" on jurisdictional grounds. Moreover, to allow interlocutory appeals to our court on jurisdictional questions as a matter of right supplants the tax court as "the sole, exclusive, and final authority" for the hearing and determination of questions arising under Minnesota's tax laws.[3]

The tax court's order denying the County's motion for partial summary judgment is not reviewable under Minn.Stat. § 271.10 because it is not a final order that determines Beuning's appeal.

---

**3.** To the extent that the County believed that the tax court had exceeded its statutory authority, Minn. R. Civ.App. P. 120.01 allows for a petition for an extraordinary writ filed in this court and directed to the tax court.

*Appeal as of right*

Independent of the appellate rules, the County asserts that this matter is reviewable "as a matter of right" as an "appeal of jurisdictional issues that may be dispositive of a party's obligation to defend a case." According to the County, this limited right to appeal "exists because retaining the action for trial determines a 'fundamental right that compels the defendant to take up the burden of litigation.' " (quoting *M.A. Mortenson Co. v. Minn. Comm'r of Revenue,* 470 N.W.2d 126, 128 (Minn.App. 1991)). By denying its motion for summary judgment, the County contends that the tax court has forced it to defend the case.

*Mortenson* was an appeal by the commissioner of revenue from a district court order denying the commissioner's motion to dismiss, for lack of jurisdiction, part of a complaint filed by taxpayer Mortenson. 470 N.W.2d at 127. Mortenson was contesting its liability for sales taxes related to materials used in the construction of a waste-to-energy facility. *Id.* at 127. Mortenson appealed the assessment of sales taxes to the Minnesota Tax Court. *Id.* Mortenson also filed a declaratory judgment action against the commissioner of revenue and against Olmsted County and the City of Rochester, where the facility was located. *Id.* The commissioner moved to dismiss the claims against him on grounds that the tax court's jurisdiction over those claims was exclusive under Minn.Stat. § 271.01, subd. 5. 470 N.W.2d at 127. The district court dismissed two of the claims but refused to dismiss a third. *Id.* at 128.

*Mortenson* is therefore distinguishable from the facts of this case on several grounds. First, *Mortenson* was an appeal from the district court, not from the tax court. *Id.* The statutory limits on the right to seek review of tax court orders imposed by Minn.Stat. § 271.10 were therefore not at issue. Second, because *Mortenson* was an appeal from the district court, it was heard by the court of appeals, not our court. 470 N.W.2d at 128. It was therefore the jurisdiction of the court of appeals to review decisions of the the the district court, rather than the jurisdiction of our court to review decisions of the tax court, that was at issue in *Mortenson.*

Moreover, allowing interlocutory review of orders of the tax court as a matter of right would vitiate the limits imposed by the Legislature in Minn.Stat. § 271.10. Under Minn.Stat. § 271.10, our jurisdiction over the tax court is limited to review of "final order[s]" and, as we have explained, that jurisdiction must be strictly construed. *See State ex rel. Ryan,* 278 Minn. at 301, 154 N.W.2d at 196.

The tax court's order denying the County's motion for partial summary judgment is not reviewable by our court as a matter of right.

*Plenary powers*

The County further contends that we have jurisdiction over this appeal because we have "plenary power concerning questions of law," and the County's appeal presents only questions of law. *See Nw. Nat'l Life Ins. Co. v. Cnty. of Hennepin,* 572 N.W.2d 51, 52 (Minn.1997) ("When questions of law arise, this court has plenary powers to review the tax court's decision."). But "plenary power" does not create jurisdiction where none otherwise exists; it means only that we need not defer to the tax court on questions of law. *See Black's Law Dictionary* 1288 (9th ed.2009) (defining "plenary power" as "a court's power to dispose of any matter *properly* before it") (emphasis added); *see also Leslie v. Minneapolis Soc'y of Fine Arts,* 259 N.W.2d 898, 902 (Minn.1977) (describing the power of the probate court as "plenary *when acting within its subject*

*matter jurisdiction* ") (emphasis added). Our plenary power to decide questions of law does not give us jurisdiction over matter A11–1479.

*Interests of justice and judicial economy*

Finally, the County urges us to permit discretionary review of the tax court's order in the interests of justice and judicial economy, as we did in *Brookfield. See* 609 N.W.2d at 873–74 n. 6. In *Brookfield* we warned litigants not to assume that we would review nonfinal orders in the future. *Id.* Even if discretionary review were available—a question we do not decide— we would decline to exercise it here.

For all of the foregoing reasons, we conclude that the tax court's denial of the County's motion for summary judgment is not immediately reviewable by certiorari, and we therefore dismiss the writ of certiorari issued in appeal A11–1479.

### Appeal No. A11–1480

Our review in matter A11–1480 is from the tax court's denial of the County's motion for partial summary judgment, and the tax court's grant of Beuning's motion for partial summary judgment, on the issue of the classification of the property. The County concedes that the tax court's denial of its motion for partial summary judgment is not a final order. Nevertheless, as with appeal A11–1479, the County asserts a variety of theories under which we have jurisdiction to review the tax court's order.

First, the County asserts that we have jurisdiction to review the tax court's order under Minn. R. Civ.App. P. 103.03. As we have explained in connection with appeal A11–1479, rule 103.03 is by its terms limited to appeals to the court of appeals.

Second, the County asserts that we have jurisdiction to review the tax court's order because in denying the County's motion

for summary judgment the tax court committed an error of law. *See* Minn.Stat. § 271.10, subd. 1 (providing for review of a final order on the ground "that the Tax Court committed any other error of law"). But our statutory jurisdiction is limited to final orders. Under section 271.10, we can review final orders of the tax court on grounds that the tax court committed an error of law, but the mere fact that the tax court may have committed an error of law does not convert an interlocutory order— over which we have no jurisdiction—into a final order.

Finally, the County asserts that we have discretionary authority to hear matter A11–1480 in the interests of justice and judicial economy. Again, even if discretionary review were available—a question we do not decide—we would decline to exercise it here.

For all of the foregoing reasons, we conclude that neither the tax court's denial of the County's motion for partial summary judgment nor the tax court's grant of Beuning's motion for partial summary judgment, solely on the issue of the proper classification of the property, are immediately reviewable by certiorari, and we dismiss the writ of certiorari issued in matter A11–1480.

Writs of certiorari dismissed.

STRAS, Justice (concurring in part, dissenting in part).

I agree with the court that we lack jurisdiction over appeal number A11–1480. However, I respectfully dissent from the court's conclusion that we lack jurisdiction over appeal number A11–1479, which involves Beuning Family LP's petition regarding taxes payable in 2009. In appeal number A11–1479, Stearns County filed a motion for summary judgment with the tax court, claiming that the tax court lacked

jurisdiction to decide Beuning's petition because it was not timely filed. When the tax court denied the County's motion, the County timely appealed to this court by filing a writ of certiorari.

The court concludes that we lack jurisdiction over the County's appeal because the tax court's order denying summary judgment did not "finally adjudicate any legal rights." If we were writing on a clean slate, the court's conclusion would have considerable merit. But we are not. Instead, we have held in an unbroken line of cases spanning more than a century that an unsuccessful challenge to the subject-matter jurisdiction of a tribunal is immediately appealable because a court's decision to retain jurisdiction finally determines a party's positive legal rights. *See, e.g., State v. Ali,* 806 N.W.2d 45, 49–50 (Minn. 2011); *Plano Mfg. Co. v. Kaufert,* 86 Minn. 13, 14, 89 N.W. 1124, 1124 (1902). Because the court has failed to identify any compelling reason to depart from that longstanding precedent, I would exercise appellate jurisdiction over appeal number A11–1479.

## I.

Minnesota Statutes § 271.10, subd. 1 (2010), defines our appellate jurisdiction over tax court orders:

> A review of *any final order* of the Tax Court may be had upon certiorari by the Supreme Court upon petition of any party to the proceedings before the Tax Court. Such review may be had on the ground that the Tax Court was without jurisdiction, that the order of the Tax Court was not justified by the evidence or was not in conformity with law, or that the Tax Court committed any other error of law.

Minn.Stat. § 271.10, subd. 1 (emphasis added). Section 271.10, subdivision 2, in turn, sets out the procedural requirements for perfecting an appeal from a "final order" of the tax court, including the time limits for seeking a writ of certiorari and the manner in which the petition must be served. *See* Minn.Stat. § 271.10, subd. 2 (2010). Here, there is no dispute that the County timely and properly filed its petition for a writ of certiorari. The sole question, therefore, is whether the tax court's order rejecting a jurisdictional challenge constitutes a "final order" within the meaning of section 271.10.

We have consistently defined the phrase "final order" to mean an order that "ends the proceeding as far as the court is concerned or that finally determines some positive legal right of the appellant relating to the action." *In re GlaxoSmithKline PLC,* 699 N.W.2d 749, 754 (Minn.2005) (citation omitted) (internal quotation marks omitted) (applying the phrase "a *final order,* decision or judgment" in determining appealability (emphasis added)); *see also In re Harrison,* 46 Minn. 331, 332, 48 N.W. 1132, 1133 (1891) (stating that "the order is final; it finally disposes of the right claimed"). Applying that definition here, an order is "final," and is therefore appealable under the plain language of section 271.10, if it "finally determines some positive legal right." *In re Estate of Janecek,* 610 N.W.2d 638, 642 (Minn.2000) (defining "final order" under Minn. R. Civ. P. 103.03(g) as "one that ends the proceeding as far as the court is concerned or that finally determines some positive legal right of the appellant relating to the action" (citation omitted) (internal quotation marks omitted)); *see also* Minn.Stat. § 271.10, subd. 1 (allowing review of "any final order").

The court, at least at one point, agrees that appealability in this case depends on whether the tax court's order "constitute[s] a final adjudication of some legal

rights of the relator."[1] *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 484, 124 N.W.2d 328, 351 (1963). Yet the court holds that "the order on which review is sought here does not finally adjudicate any legal rights of either the County or Beuning." In so holding, the court observes that the tax court did not determine either the proper classification of Beuning's property or whether Beuning is entitled to a refund on its taxes. Instead, the tax court's order "determine[d] only that the County's denial of Beuning's refund claim [was] properly before the tax court."

The court's final observation, however, is precisely the reason we have jurisdiction over appeal number A11–1479. Contrary to the court's conclusion, the question of whether a tribunal has jurisdiction over the subject matter of a case *is* a determination of a positive legal right of the relator. *See McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 833 (Minn.1995) (stating that the denial of a motion to dismiss challenging *subject-matter jurisdiction* "falls into 'that small class which finally determine claims of right'" (citation omitted)).

We have repeatedly held for over a century that an order denying a jurisdictional challenge is immediately appealable because it determines a positive legal right of a party. In *Plano*, for example, we recognized the immediate appealability of a district court's order rejecting a jurisdictional challenge to the validity of the summons issued to the defendant. 86 Minn. at 14, 89 N.W. at 1124. The reason, we said, was that such an order "*determines [the defendant's] positive legal rights*, and compels him to take upon himself the burden of defending the action on the merits when the court has no jurisdiction over him." *Id.* at 15, 89 N.W. at 1125 (emphasis added). Likewise, in *Curran v. Nash*, decided just eight years after the Legislature first enacted Minn.Stat. § 271.10, we permitted a nonresident defendant to immediately appeal a trial court's denial of an objection to the jurisdiction of the court. 224 Minn. 571, 573, 29 N.W.2d 436, 437 (1947); *see also* Act of April 22, 1939, ch. 431, art. VI, §§ 10, 19, 1939 Minn. Laws 908, 932, 938 (codified as amended at Minn.Stat. §§ 271.01, 271.10 (2010)) (creating the tax court and providing for Supreme Court review of "any final order"). In both cases, we viewed the re-

1. The court alternately appears to argue that Minn.Stat. § 271.08 (2010) indicates that an order is final for purposes of chapter 271 only if it "determine[s]" the appeal and leads to the entry of judgment. To be sure, section 271.08 provides that "the tax court ... shall determine every appeal by written order containing findings of fact and the decision of the tax court." But that section says nothing about "final order[s]" and requires only that the tax court issue its *final judgment* in written form containing findings of fact and its decision. The court seems to assume that a "final order" and a "final judgment" mean the same thing. They do not. *See State v. Rock Island Motor Transit Co.*, 209 Minn. 105, 112, 295 N.W. 519, 524 (1940) (analyzing "final order" and "final judgment" separately); *see also Weygandt v. Porterfield*, No. 09CA0009, 2011 WL 378981, at *9-13 (Ohio Ct.App. Feb. 7, 2011) (Dickinson, J., dissenting) (discussing the substantial confusion in the case law between a "final judgment" and a "final order" and tracing the historical origins of both concepts). A "final judgment" is an order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419, 128 S.Ct. 1970, 170 L.Ed.2d 837 (2008) (citation omitted) (internal quotation marks omitted). The definition of a "final order," however, is broader: it includes both an order that ends the litigation *and* an order "that finally determines some positive legal right of the appellant." *Janecek*, 610 N.W.2d at 642. In conflating "final order[s]" and "final judgments," the court excises the latter part of the definition of "final order" from the scope of allowable appeals under section 271.10.

tention of jurisdiction by the district court as finally adjudicating the legal rights of the defendant—the exact standard for appealability the majority purports to apply in this case. *See Curran*, 224 Minn. at 573, 29 N.W.2d at 437 (holding that the rejection of defendant's challenge to personal jurisdiction finally determined the defendant's "legal rights with reference to the jurisdictional matter"); *Plano*, 86 Minn. at 15, 89 N.W. at 1125 (stating that the denial of defendant's challenge to the validity of the summons, and thus the subject-matter jurisdiction of the district court, was a determination of the defendant's "positive legal rights").

*Curran* and *Plano* are by no means outlier cases. Rather, those two cases represent the beginning of an unbroken line of cases spanning over a century in which we have treated the denial of motions challenging the jurisdiction of a tribunal as final orders, distinct from the denial of other types of dispositive motions. We further explained the rationale for our longstanding rule, to which we continued to adhere despite labeling it as the "minority view," in the 1969 case of *Hunt v. Nevada State Bank*, 285 Minn. 77, 88, 172 N.W.2d 292, 300 (1969) (quoting *Dieseth v. Calder Mfg. Co.*, 275 Minn. 365, 368, 147 N.W.2d 100, 102 (1966)). There, we stated: "[i]t is more realistic to view such an order not merely as a retention of an action for trial, but as a *determination of right*, for a defendant is compelled thereby to take up the burden of litigation in this state that might otherwise be avoided." *Hunt*, 285 Minn. at 89, 172 N.W.2d at 300 (emphasis added). In another case, we analogized the denial of a jurisdictional challenge to the denial of immunity because both involve a defendant's "legal right" to avoid the burdens that litigation imposes. *Janssen v. Best & Flanagan, LLP*, 704 N.W.2d 759, 763 (Minn.2005); *see also McGowan*, 527 N.W.2d at 832

(implying that a defendant's challenge to jurisdiction and a defendant's claim of immunity from suit involve "essentially the same rationale"). Indeed, I have not found, nor has the court identified, any case since 1902 in which we have refused to exercise appellate jurisdiction over a tribunal's rejection of a challenge to its jurisdiction.

I would apply our longstanding rule to the tax court's denial of the County's challenge to the jurisdiction of the tax court. Consistent with precedent, I would conclude that the tax court's order finally determined the County's jurisdictional claim, which we have characterized as a "positive legal right[ ]" to avoid the further burdens of litigation. *Plano*, 86 Minn. at 15, 89 N.W. at 1125; *accord Hunt*, 285 Minn. at 89, 172 N.W.2d at 300. On that basis, I would hold that the tax court's order in this case was a "final order" within the meaning of Minn.Stat. § 271.10, and that we therefore have appellate jurisdiction to consider the jurisdictional question of whether Beuning timely filed its petition in appeal number A11–1479.

II.

The court reaches the opposite conclusion by drawing immaterial distinctions between the district court and the tax court, the latter of which the court characterizes as an "administrative agency" rather than a "court." However, our appellate jurisdiction over tax court orders is delineated by statute, not by abstract distinctions between courts and agencies. Minnesota Statutes § 271.10, subd. 1, clearly states that we have jurisdiction over "any final order," a term of art that includes the "final[ ] determin[ation of] some positive legal right of the appellant." *GlaxoSmithKline PLC*, 699 N.W.2d at 754 (defining the phrase "final order"); *Janecek*, 610 N.W.2d at 642 (same). A final determination of some positive legal right, in turn,

includes the rejection of a jurisdictional challenge under our case law. Thus, rather than relying upon theoretical and immaterial distinctions between executive-branch courts and judicial-branch courts, I would simply interpret section 271.10 according to its plain and ordinary language, apply our longstanding interpretation of the phrase "final order," and conclude that we have appellate jurisdiction over appeal number A11–1479.[2]

Instead of applying the plain and ordinary meaning of the phrase "final order," as defined by our case law, the court confuses our precedent by importing notions of finality from federal case law in order to support its conclusion in this case. The court's approach is problematic for at least four reasons. First, in determining the finality of tax court orders, we have specifically looked to the finality jurisprudence applicable to civil cases decided by Minnesota district courts, not to federal case law. *See, e.g., Cnty. of Hennepin v. Decathlon Athletic Club, Inc.*, 559 N.W.2d 108, 108 n. 2 (Minn.1997).[3] Second, we have rejected federal notions of finality when it comes to jurisdictional challenges, a position to which we have continued to adhere despite recognizing that it is the minority approach. *Compare Van Cauwenberghe v.*

*Biard,* 486 U.S. 517, 527, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (stating that a challenge to personal jurisdiction is not immediately appealable, because the claim may be effectively vindicated following final judgment), *with Hunt,* 285 Minn. at 88–89, 172 N.W.2d at 300 (holding that the denial of a motion to dismiss for lack of personal jurisdiction is immediately appealable).

Third, even if federal case law were persuasive, the case relied upon by the court, *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), does not address, much less answer, the question posed by this case. The court asserts that *Myers* stands for the proposition that "no right ... is violated when an administrative agency wrongly asserts jurisdiction over a party." But that reading of *Myers* is incorrect. The question presented in *Myers,* as articulated by the Supreme Court, was "whether a federal district court has equity jurisdiction to enjoin the National Labor Relations Board [ (NLRB) ] from holding a hearing upon a complaint." *Id.* at 43. *Myers* was therefore about whether a federal district court had the power to *enjoin* an NLRB hearing altogether, not whether an Article III court had appellate jurisdiction over challenges to the NLRB's jurisdiction. In-

**2.** In arguing that my reading of section 271.10 is incorrect, the court posits that construing every jurisdictional ruling as a final order would render section 271.10 a mere tautology: "if all jurisdictional orders are 'final,' then there is no need for the Legislature to have specifically permitted appeal from 'final order[s]' on jurisdictional grounds." But the court misinterprets the statute. The first sentence of section 271.10, subdivision 1, specifies what types of tax court orders are appealable: "any final order." The second sentence of section 271.10, subdivision 1, by contrast, limits the grounds upon which we can review otherwise appealable tax court orders and specifies the scope of our appellate review. *See Stronge & Lightner Co. v. Comm'r of Taxation,* 228 Minn. 182, 188–93, 36 N.W.2d 800, 804–06 (1949); *see also* Minn.

Stat. § 271.10, subd. 1 (stating that this court's review may be had "on the ground that the Tax Court was without jurisdiction, that the order of the Tax Court was not justified by the evidence or was not in conformity with law, or that the Tax Court committed any other error of law").

**3.** Notably, among the three decisions we cited in *Decathlon Athletic Club* was *Hall v. Community Credit Co.*—a case in which we expressly recognized that, unlike the denial of other motions to dismiss, the denial of a jurisdictional claim is immediately appealable. *See* 287 Minn. 241, 243, 178 N.W.2d 245, 246–47 (1970) (citing *Curran,* 224 Minn. at 572, 29 N.W.2d at 436).

deed, *Myers* did not even involve matters of finality. Instead, the Court merely held in *Myers* that enjoining an agency from considering the case was contrary to the *statutory scheme* governing unfair labor practices and to the "rule of judicial administration" requiring a party to exhaust its administrative remedies, *see id.* at 50–51, 58 S.Ct. 459, issues that are undisputedly absent here.

Fourth, and most fundamentally, the court's approach turns our traditional separation of powers jurisprudence on its head. We have stated that quasi-judicial adjudications by executive-branch agencies are generally permissible only if those adjudications "lack judicial finality and are subject to judicial review." *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 141 (Minn.1999). We have thus placed limitations on the exercise of quasi-judicial power by agencies, and required robust judicial review, especially when an administrative tribunal like the tax court exercises "uniquely judicial powers." *In re McCannel*, 301 N.W.2d 910, 919 (Minn.1980); *see Wulff v. Tax Court of Appeals*, 288 N.W.2d 221, 225 (Minn.1979); *see also Kline v. Berg Drywall, Inc.*, 685 N.W.2d 12, 23 (Minn.2004) (construing a provision of an union arbitration contract to permit supreme court review of a WCCA decision to avoid potential constitutional problems); *Irwin*, 599 N.W.2d at 141–42 (striking down a statute that would limit the court from exercising independent review of the attorney fees awarded in workers' compensation cases).

Yet, rather than construing section 271.10 to ensure robust judicial review

over tax court orders, the court construes our jurisdiction more narrowly than our jurisdiction over comparable district court orders.[4] And it does so in the one area that is most likely to result in the aggrandizement of judicial power in an executive-branch court: the tax court's potential assertion of jurisdiction over cases in which it has no power to act. The court's holding today is hardly the type of "check on administrative power" we envisioned in *Wulff*, 288 N.W.2d at 225, and it undermines both our ability and duty to check the assertion of judicial power by the other branches of government.

### III.

In my view, the plain language of section 271.10, subdivision 1, read in light of our consistent definition of the phrase "final order," is determinative of the jurisdictional question presented by this case. For that reason, I would conclude that we have appellate jurisdiction to hear the County's challenge to the jurisdiction of the tax court in appeal number A11–1479.

PAGE, Justice (dissenting).

I join in the concurrence and dissent of Justice Stras.

ANDERSON, PAUL H., Justice (dissenting).

I join in the concurrence and dissent of Justice Stras.

---

4. In arguing that we must strictly construe section 271.10, the court relies on *State ex rel. Ryan v. Civil Service Commission of Minneapolis,* in which we held that a writ of certiorari was ineffective because the petitioner failed to comply strictly with the statutory requirement that the writ be endorsed by "some responsible person as surety for costs." 278 Minn. 296, 300, 154 N.W.2d 192, 195

(1967). But the court ignores our more recent decision of *Oster & Pederson, Inc. v. Commissioner of Taxation,* in which we addressed a failure to comply with the procedural requirements of section 271.10, and concluded that "the legislature may not limit this court's power to grant appellate review." 266 N.W.2d 162, 164 (Minn.1978).